Hillsborough,
No. 4231.

THE EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD.

*v.*

ROLAND A. ROUX & a.

Argued October 6, 1953.

Decided October 30, 1953.

*Sheehan, Phinney & Bass* (*Mr. Sheehan* orally), for the petitioner.

*J. Morton Rosenblum* (by brief and orally), for all defendants except Roland A. Roux.

*Devine & Millimet* (*Mr. Millimet* orally), as *amicus curiae.*

LAMPRON, J. The issue to be decided is essentially whether the Financial Responsibility Act (R. L., c. 122, as amended) extends

the coverage of a "Named Operator Policy" to include a vehicle owned by the policyholder contrary to an express exclusion in the terms of the policy.

To comply with the Act (*s*. 1 VII) a policy of liability insurance must provide: "(a) indemnity for or protection to the insured and any person responsible to him for the operation of *the insured's motor vehicle* . . . against loss by reason of the liability to pay damages to others . . . accidentally sustained . . . arising out of the ownership, operation, maintenance, control, or use . . . of *such motor vehicle* . . . and (b) which further provides indemnity for or protection to the named insured [and certain others] with respect to the presence of any such insured in any *other motor vehicle,* from liability as a result of accidents which occur in New Hampshire due to the operation of any motor vehicle . . . *not owned in whole or in part by such insured* . . . ." (italics supplied). In other words such a policy, devoid of its refinements, must provide coverage (1) for the "insured's motor vehicle" which is to be described in the policy (*s*. 15); (2) other car coverage, so-called, on cars "not owned in whole or in part by such insured."

It is agreed that at the time this policy was issued to him, Roland A. Roux was required to furnish proof of financial responsibility in order to obtain a license to operate a motor vehicle because he had been involved in an accident without having liability insurance (*s*. 5 I). Item 4 of the policy entitled "Description of the automobile" did not describe any automobile. It contained the words "Named Operator Policy." The total premium for coverage of $5,000 each person: $10,000 each accident for bodily injury and $5,000 each accident for property damage was $17.26 including a 15% assigned risk surcharge. All of these facts indicate that this policy was not intended to be the usual "Motor Vehicle Liability Policy" required by and issued under the Financial Responsibility Act.

However paragraph 2 of its New Hampshire Statutory Motor Vehicle Liability Policy Endorsement reads as follows: "that the policy as amended by this endorsement is a Motor Vehicle Liability Policy as defined in Chapter 122, Revised Laws . . . and all policy provisions required by said Chapter are hereby expressly incorporated in the policy by reference." In view of the circumstances described above the "policy provisions required by said Chapter [which] are hereby expressly incorporated . . . by reference" cannot be those required by *s*. 1 VII (a) for no "insured's motor vehicle"

is described in the policy. They must necessarily be the provisions required by *s.* 1 VII (b) which refer to the so-called other car coverage. But by the express language of the Act this coverage is given with respect to liability due "to the presence of any such insured in any other motor vehicle . . . not owned in whole or in part by such insured." The statutory endorsement does not afford protection in this case. *Hardware &c. Cas. Co.* v. *Tobyne,* 98 N. H. 318. Such coverage not being required by the Act its exclusion in the policy is not the type of exclusion which comes under the provisions of *s.* 16 III. See *Farm Bureau Ins. Co.* v. *Martin,* 97 N. H. 196, 201; *Davy* v. *Merchants &c. Cas. Co.,* 97 N. H. 236, 238.

The policy in question was issued to the insured to prevent suspension of his operator's license following a prior accident. However the fact that it was accepted by the Motor Vehicle Commissioner as proof of "financial responsibility in the future" (*ss.* 5 I, 9), does not establish that it was a "motor vehicle liability policy" under the Act (*s.* 1 VII). A motor vehicle policy may be accepted as such proof (*s.* 20); but the Act does not make it an exclusive method of proof. Section 6 provides that security required following an accident "shall be in such form . . . as the commissioner may require. . . ." Section 5 II (2) provides that the requirement of suspension shall not apply to an "operator, if not the owner of [the] . . . vehicle" involved "if there was in effect at the time of such accident such a policy . . . with respect to his operation of motor vehicles not owned by him," and by subsection (3), suspension is not required if the operator's liability "is, in the judgment of the commissioner covered by any other form of insurance policy."

Under these provisions a policy like the one in question could properly be accepted by the Commissioner under section 6 as security within section 5. Hence it should be satisfactory proof of maintenance of financial responsibility in the future for which purpose the insurance in this case was originally obtained. Since the policy met the requirements of the Act with respect to the operation of motor vehicles not owned by the insured, it was properly accepted by the Commissioner. Consistently with the Act, it could properly exclude from coverage any vehicle of the insured not specifically described in the policy. It was not required to insure the operation of any vehicle which the insured might later acquire. Consequently it afforded no protection against Roux' liability arising out of the operation of the vehicle involved in this accident.

Neither the terms of the insurance policy nor the provisions of the Financial Responsibility Act confer any rights on the injured parties under the facts of this case. A judgment should be entered that the petitioner is under no obligation to defend or indemnify the defendant Roland A. Roux with respect to claims presented by the pending actions.

*Judgment for the plaintiff.*

All concurred.