Merrimack,
No. 5540.

FARM BUREAU MUTUAL INSURANCE COMPANY ·

*v.*

EARL R. GEER & *a.*

Argued October 4, 1966.
Decided November 30, 1966.

*Upton, Sanders & Upton* and *Ernest T. Smith III* ( *Mr. Smith* orally ), for the plaintiff.

*Paul A. Rinden* and *Charles F. Dalton, Jr.* ( *Mr. Dalton* orally ), for the defendants Geer.

*Devine, Millimet, McDonough, Stahl & Branch* for Allstate Insurance Company, filed no brief.

*John W. Stanley, Jr.* for defendants Harris E. Morrill and Henry White, filed no brief.

BLANDIN, J. The question presented here is whether an insurance company may be held to cover an automobile accident by virtue of a policy issued the day after the accident happened. Counsel for the defendants informs us he has found no cases squarely supporting his position in this state, nor are we aware of any. According to the facts, about which there is no substantial dispute, a car owned by the defendant Henry White and operated by the defendant Harris E. Morrill, was in collision on March 15, 1963, in Penacook with the minor defendant Cynthia Geer, a pedestrian, in whose behalf her father has brought suit. At that time, neither White nor Morrill possessed automobile liability insurance. The next day, March 16, Morrill bought a liability policy from the plaintiff Farm Bureau Mutual Insurance Company, which was effective from March 16, 1963 to March 16, 1964.

On October 4 and 14, 1963, the Geers brought suit against Morrill and White respectively, alleging Morrill's negligence and claiming injuries to Cynthia. Meanwhile, Morrill had filed an undated accident report on Form FR-1 ( RSA 268:5 I) with the Motor Vehicle Division sometime between March 20 and March 26. In this report, he stated that the day of the accident was March 15, 1963, that he was the driver, that his sex was "59," that the make of the automobile was "East" and on the reverse side of the form he wrote the name of the insurance company as the Farm Bureau Mutual Insurance Company, but he did not answer the question as to whether at the time of the accident the driver was covered by insurance. Some portions of the report were not filled out.

Form FR-21 ( section 5 I, *supra* ), also submitted by Morrill, listed him as the operator, the date of the accident the same as in Form FR-1, and the name of the insurance company again as the Farm Bureau Mutual Insurance Company. He also stated that the effective dates of the policy were "3-16-63 to 3-16-64."

There is no evidence that anyone from the insurance company assisted him in making out this form, nor is it signed on behalf of the company. However, it does bear a company stamp, which was affixed by the plaintiff, and the date "Mar. 29, 1963." The Motor Vehicle Division sent back both forms to Morrill, presumably shortly after March 26, and they were returned on April 1, 1963. On that date, Form FR-21 was separated from FR-1 and forwarded again to the insurance company. On April 16, 1963, Form FR-21 was received by the Motor Vehicle Division. This was unsigned by the plaintiff, but it contained the typed or stamped name "Farm Bureau Mutual Insurance Company" on the side of the form headed "For Insurance Company Use Only," which, together with other partially undecipherable stampings in red ink, make it appear that it represented to the Division that the operator was covered, though the effective dates of the policy were stated above Morrill's signature as "3-16-63 to 3-16-64."

At an undisclosed time after April 16, the defendant Earl R. Geer examined Form FR-1, which was filled out by Morrill, saw that the plaintiff company was listed as the insurance company, and assumed that it covered the accident. Geer did not look at form FR-21, nor did he take any further action for two or three months because, as he stated, he relied upon the representation by Morrill that there was insurance coverage.

On or about August 20, 1963, at the instance of counsel for the Geers, the Director of the Division re-examined the reports submitted to his department concerning this accident and decided that there was no coverage. In response to his telephone call, the plaintiff confirmed the Director's opinion that no coverage existed. Thereafter, on August 27, notice was sent to Morrill (RSA 268:5 I), that his license would be suspended on September 6, and this was done.

Suit having been brought by the Geers on October 4, 1963, against Morrill, the plaintiff's petition for a declaratory judgment was thereafter filed on January 2, 1964. On March 19, 1964, the defendants Geer filed a motion to join Allstate Insurance Company on the grounds that if it should be determined that the Farm Bureau did not cover, then Cynthia would qualify under the uninsured motorist's clause in their Allstate policy. RSA 268:15 (supp). The Court, on May 1, 1964, ordered that in the event Farm Bureau should be found not liable, Allstate "will be a party

defendant to the action." The defendant Allstate Insurance Company's exception to this order was reserved and transferred by *Loughlin*, J.

The Geers first urge that "as a matter of law Farm Bureau Mutual Insurance Company is estopped to deny coverage." We do not believe that this position is tenable. The law in this state is that " . . . the doctrines of waiver and estoppel cannot be used to bring within the coverage of the policy risks not included within its terms." *Cushman* v. *Grafton*, 97 N. H. 32, 35. Neither can these doctrines be used to "create a primary liability." *Cushman* v. *Grafton, supra*; *Hersey* v. *Maryland Casualty Co.*, 102 N. H. 541; see also, *Reisman* v. *New Hampshire Fire Insurance Co.*, 312 F. 2d 17 (5th Cir. 1963). A policy covering a definite period, as was the case here, cannot be rewritten by the court to cover a loss occurring before the policy was in existence by invoking the doctrines of waiver or estoppel. *Campbell* v. *Aetna Casualty and Surety ·Co.*, 211 F. 2d 732 (4th Cir. 1954); see *Farm Bureau Ins. Co.* v. *Martin*, 97 N. H. 196, 199-200; *Gerard* v. *Massachusetts Bonding &c. Co.*, 106 N. H. 1.

The weight of authority, and what we believe the better reasons, are in accord with our rule. 16 Appleman, Insurance Law and Practice, *s.* 9090, *p.* 628; 17 Appleman, *supra, s.* 9404, *p.* 16; 29A Am. Jur., Insurance, *s.* 1135; Annot. 1 A.L.R. 3d 1139, 1144. We therefore agree with the Court's conclusion that as a matter of law the insurance company is not estopped to deny coverage, and we overrule the defendants' exceptions.

No claim is made by the Geers that any waiver existed, and none is supportable on the record. Since the policy was not in existence when the loss occurred, there was nothing to waive. *Merchants Indemnity Corp.* v. *Eggleston*, 37 N. J. 114, 129.

The defendants also argue that because the plaintiff failed to comply with RSA 268:5 IV, it is estopped to deny coverage. This section reads as follows: "Within fifteen days after the receipt of notice of such accident, the insurance carrier or surety company which issued such policy shall notify such director in such manner as he may require in case such policy was not in effect at the time of such accident. If no such notification is received within such fifteen days, such director may assume that such a policy was in effect at the time of the accident."

The Court found that the company was at "fault" for compounding Morrill's original action making it appear that he was

covered when he was not. However, the defendants' argument fails to take cognizance of the fact that when the accident happened, there was no policy in existence. *Cf. Hartford &c. Ind. Co.* v. *Come,* 100 N. H. 177. There had never been any assumption of the risk out of which this accident arose by the plaintiff when the minor Cynthia was injured. "Where there has been no assumption of the risk, there can be no liability." *Matter of Met. Life Ins. Co.* v. *Conway,* 252 N. Y. 449, 453. See also, *Fisher* v. *Prudential Insurance Co.,* 107 N. H. 101, 105; *Farm Bureau Ins. Co.* v. *Martin,* 97 N. H. 196, 199-200; *Gerard* v. *Massachusetts Bonding &c. Co.,* 106 N. H. 1, 10.

It is true that RSA 268:16 I provides that the liability of any company under a motor vehicle policy "shall become absolute whenever loss or damage covered by said policy occurs. . . . " However, here again no policy was in existence when the mishap occurred, the loss was not covered by the policy issued by the plaintiff, and it could not be absolutely liable under a nonexistent instrument.

The position taken by the defendants Geer was urged by counsel in the case of *Insurance Co. of North America* v. *Atlantic National Insurance Co.,* 329 F. 2d 769 (4th Cir. 1964), where under a Virginia statute substantially similar to ours in its relevant portions, an insurance company filed a certificate purporting to show it covered a loss. Later it sought to take advantage of an exclusion in the policy. The court rejected the claim that the applicable portions of the Virginia Motor Vehicle Responsibility Act, 1950, *ss.* 46.1-388 — 46.1-514 provided for absolute liability upon notification by the insurer under Form SR-21 that it did cover the risk. It stated that the general law is that estoppel and implied waiver do not apply to extend coverage after liability has been incurred or a loss sustained. *Id.,* 775. The opinion further pointed out that where the Legislature intended liability to be absolute, it said so in unequivocal terms. Therefore, it concluded that there was no legislative intent to impose absolute liability merely because Form SR-21 had been filed. It held that the company was not estopped to set up the defense of exclusion from coverage.

The same principle applies to the present case. In RSA 268:16 I, our Legislature stated unequivocally that upon the occurrence of an accident, liability should be "absolute" when loss covered by the policy occurs. RSA 268:5 IV, the provision upon which

the defendants rely states that if the company does not notify the director to the contrary within fifteen days after receipt of notice of an accident, he " may " assume that such a policy is in effect. We conclude that the defendants cannot take advantage of *s.* 5 IV, *supra,* to establish coverage.

Such cases as *Hartford &c. Ind. Co.* v. *Come,* 100 N. H. 177, and *Milwaukee Ins. Co.* v. *Morrill,* 100 N. H. 239, relied upon by the defendants, are sharply distinguishable from the situation before us on the facts. In the *Hartford* and *Milwaukee* cases, policies were in existence when the accidents happened. Therefore, we said that the policy of RSA ch. 268, which is to protect innocent persons who may be injured by the negligent operation of motor vehicles, became operative. However, as we said in *Hardware &c. Cas. Co.* v. *Tobyne,* 98 N. H. 318 " . . . the protection required by the statute is not without limits. " *Id.,* 322. Obviously, one such limit is that the purpose of the Motor Vehicle Responsibility Law cannot apply to a nonexistent policy or one which is negotiated only after a loss occurs.

In summary, we follow our rule, which we believe to represent both the majority and the better view, that estoppel or waiver cannot be extended to create a primary liability or, in effect, to make a contract between the parties where none existed. *Cushman* v. *Grafton,* 97 N. H. 32, 35; 16 Appleman, Insurance Law and Practice, *s.* 9090, *p.* 628; Annot. 1 A.L.R. 3d 1139, 1144. We further conclude that the Legislature did not intend to create absolute liability under RSA 268:5 IV. *Insurance Co. of North America* v. *Atlantic National Insurance Co.,* 329 F. 2d 769 ( 4th Cir. 1964 ).

However, the Legislature did intend that insurance companies should plainly indicate whether or not coverage exists on the date of the accident. This case illustrates that a more careful and systematic compliance with the statute would be for the public benefit.

> *Judgment for the plaintiff,*
> *exception of defendant*
> *Allstate Insurance Company overruled.*

All concurred.