Hillsborough
No. 7758

### MARC H. COURTEMANCHE

v.

### LUMBERMENS MUTUAL CASUALTY COMPANY
AND
HOME INSURANCE COMPANY

March 31, 1978

*Berj H. Seron,* of Cambridge, Massachusetts, and *Donald W. Cushing,* of Franklin (*Mr. Seron* orally), for the plaintiff.

*Augustine J. McDonough Professional Association,* of Manchester, by brief and orally for Lumbermen's Mutual Casualty Company.

*Wadleigh, Starr, Peters, Dunn & Kohls,* of Manchester (*E. Blake Redding* orally), for Home Insurance Company.

DOUGLAS, J. In *Maryland Casualty Co. v. Howe,* 106 N.H. 422, 213 A.2d 420 (1965), we held that an insured could not stack the uninsured motorist coverages provided by two insurers when neither insurer's policy afforded him adequate compensation for his damages. This case involves the question of the continued validity of that rule.

The plaintiff, Marc Courtemanche, suffered serious injuries when an auto he was driving with the permission of its owner was struck by a hit-and-run driver in Massachusetts. Lumbermens Mutual Casualty Company insured the car that Courtemanche drove. That policy contained coverage against uninsured motorists. He was also covered by Home Insurance Company under a similar provision in a policy issued to his father. Although each insurer agreed that the uninsured motorist provision in its policy is applicable and that each policy provided $15,000 coverage, each denied the claim made against it. The plaintiff then requested arbitration. The arbitrator, a New Hampshire attorney, found that total damages were $24,000, but then made only one award of $15,000 under both policies. He felt that New Hampshire law did not allow the plaintiff to stack both policies. The plaintiff brought suit in superior court to set

aside the arbitrator's award. The plaintiff claimed that the subject matter submitted for arbitration was limited to only two fact issues: whether he was entitled to recover damages from the hit-and-run driver and the amount of such recovery. In deciding questions of coverage, Courtemanche argued that the arbitrator exceeded his powers. The plaintiff also argued that the arbitrator made an error of law in refusing to stack coverage up to damages, that he erroneously refused to decide all issues submitted for arbitration, and that the award was not timely. The Court (*Perkins*, J.) upheld the arbitrator but apportioned the award equally between both insurers. The plaintiff excepted to all these rulings.

As both defendant insurers have argued in their briefs, the facts of this case parallel those of *Maryland Casualty Co. v. Howe supra.* *Howe* involved a claim by an insured that he should be allowed to recover under policies issued by different insurers up to his total damages. Both policies contained an "Other Insurance" provision, which reduced recovery under the policy by amounts received under other policies. The court held that this "Other Insurance" limitation did not violate the New Hampshire Uninsured Motorist Coverage Statute, RSA 268:15 (now codified at RSA 268:15-a (Supp. 1975)), because "[t]he statute was not designed to provide the insured with greater insurance protection than would have been available had the insured been injured by an operator with a policy containing minimum statutory limits." *Maryland Casualty Co. v. Howe*, 106 N.H. at 424, 213 A.2d at 422. Hence, the insured could recover only up to the higher of the policy limits, or if equal, the limit of either policy, but not the sum of the policy limits.

*Howe* is one of the earliest decisions to consider the effect of the uninsured motorist coverage statute on the standard "Other Insurance" clauses. *See also Burcham v. Farmers Ins. Exch.*, 255 Iowa 69, 121 N.W.2d 500 (1963). However, *Howe* and other cases reaching a similar result were decided before the emergence of a "substantial body of case law that allows stacking of insurance coverage." Widiss, The Slow Evolution of a New Automobile Coverage, Trial Magazine, Sept. 1977, at 47; *see, e.g., American Mut. Ins. Co. v. Romero*, 428 F.2d 870 (10th Cir. 1970) (New Mexico); *Geyer v. Reserve Ins. Co.*, 8 Ariz. App. 464, 447 P.2d 556 (1968); *Harleysville Mut. Cas. Co. v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968). Courts in other jurisdictions construing the language of statutes virtually identical to RSA 268:15-a I (Supp. 1975) in fact

situations similar to that in *Howe* have permitted stacking of applicable policies up to damages. *E.g., Sellers v. United States Fidelity & Guar. Co.,* 185 So. 2d 689 (Fla. 1966); *Harleysville Mut. Cas. Co. v. Blumling supra; Bryant v. State Farm Mut.·Automobile Ins. Co.,* 205 Va. 897, 140 S.E.2d 817 (1965).

The reasoning of *Bryant,* probably the leading case in stacking uninsured motorist coverages, is instructive. State Farm, the insurer, argued that its "Other Insurance" clause prevented Bryant from stacking the same coverages in two of its policies, both of which covered him. The Virginia court first noted that the uninsured motorist statute was enacted to benefit injured persons and was " 'to be liberally construed so that the purpose intended may be accomplished.' " 205 Va. at 900, 140 S.E.2d at 819. That statute required that all policies issued or delivered in Virginia obligate the insurer to pay "all sums" that an insured could recover as damages from an uninsured motorist within the policy limits. In limiting an insured's recovery to an amount that damages exceeded recovery under all other policies, the "Other Insurance" clause in State Farm's policy contravened the statute.

The Pennsylvania Supreme Court in *Harleysville Mut. Cas. Co. v. Blumling,* 429 Pa. 389, 241 A.2d 112 (1963), specifically rejected cases like *Howe,* even though the Pennsylvania statute, like that of New Hampshire, does not require an insured to pay "all sums" recoverable as damages. Rather, it requires a policy to provide a minimum uninsured motorist coverage. Pa. Stat. Ann. tit. 40, § 2000 (Purden 1971), *quoted in Harleysville Mut. Cas. Co. v. Blumling,* 429 Pa. at 391 n.1, 241 A.2d at 113 n.1. Nevertheless "[t]he purpose of the uninsured motorist law is to provide protection to innocent victims of [financially] irresponsible drivers. The amount of coverage . . . is set by the statute, but nowhere . . . does the act place a limit on the total [recovery]." 429 Pa. at 395, 241 A.2d at 115. The court would not allow the company to "avoid its statutorily imposed liability by its unilateral insertion . . . of a limiting ['Other Insurance'] clause repugnant to the statute." *Id.* at 396, 241 A.2d at 115–16. *See also Kirkley v. State Farm Mut. Ins. Co.,* 17 Cal. App. 3d 1078, 95 Cal. Rptr. 427 (1971); *Sellers v. United States Fidelity & Guar. Co.,* 185 So. 2d 689 (Fla. 1966); *Smith v. Pacific Auto. Ins. Co.,* 240 Ore. 167, 400 P.2d 512 (1965) (two "Other Insurance" clauses repugnant to each other fall).

We held in *Howe* that the purpose of RSA 268:15-a I (Supp. 1975) is " 'to close a gap in the protection afforded the public under existing Financial Responsibility Acts.' " *Maryland Casualty Co. v. Howe*, 106 N.H. at 424, 213 A.2d at 421, *quoting Kirouac v. Healey*, 104 N.H. 157, 159, 181 A.2d 634, 636 (1962); *accord, American Mut. Ins. Co. v. Commercial Union Ins. Co.*, 116 N.H. 210, 213, 357 A.2d 873, 876 (1976) *overruled in part, Vigneault v. Travelers Ins. Co.*, 118 N.H. 75, 382 A.2d 910 (1978). Closing the gap meant only awarding the insured the statutory minimum amount, no matter how many policies were applicable. Were we to adhere to this rule today, the plaintiff could only recover $15,000 maximum, the statutory minimum at the time of his accident.

However in the twelve years since *Howe*, the statutory rationale of that decision has been undermined. In 1969, the legislature amended the uninsured motorist statute to permit an insured to purchase more than the statutory minimum coverage. Act of July 2, 1969, 418:1, [1969] N.H. Laws 672 (codified at RSA 268:15-a I (Supp. 1975)). The Act evinces a legislative intent to allow a person to protect himself against injury from uninsured motorists to the extent that he protects himself against liability. N.H.S. Jour. 1199 (1969). The legislative intent in passing this amendment accords with that of the Legislatures of Virginia and Pennsylvania as discerned by their courts. In other words, the "closing the gap" rationale was discarded for those who chose to provide themselves with greater than minimum coverage. *See Vigneault v. Travelers Ins. Co.*, 118 N.H. 75, 382 A.2d 910 (1978). The fact that additional coverage is provided by more than one policy, rather than through increased liability limits, should not undermine that legislative decision.

Then in *Raitt v. National Grange Mutual Insurance Co.*, 111 N.H. 397, 285 A.2d 799 (1971), we considered a provision in uninsured motorist coverage reducing recovery by all sums collected from any other person jointly or severally liable with the uninsured motorist. Despite this "Other Insurance" clause, we allowed an insured to recover the full amount of his uninsured motorist coverage—the statutory minimum—even though he had already recovered more than that sum from a joint tort-feasor who carried liability coverage. This principle was reaffirmed in *Gay v. Preferred Risk Mutual Insurance Co.*, 114 N.H. 11, 314 A.2d 644 (1974). In effect, the

court discarded the "Other Insurance" clause as violating the uninsured motorist statute.

Even if after all these assaults *Howe* retained any validity, *see American Mut. Ins. Co. v. Commercial Union Ins. Co.*, 116 N.H. at 213, 357 A.2d at 876, that residuum has been vitiated by our decision in *Vigneault supra*. In that case we held that an insured should receive all the protection purchased. Both defendant insurers have received the premium for the coverage they provide. If *Raitt* and *Gay* void "Other Insurance" clauses when the insured collects damages from a second tort-feasor, we see no reason to uphold such clauses and limit recovery to less than the applicable purchased protection, when the insured collects funds under a second insurance policy. Hence, we adopt the holdings of the courts of Virginia and Pennsylvania. *Howe* is inconsistent with the result we reach today and is overruled.

The plaintiff is thus permitted to stack the coverages of as many uninsured motorist policies as are applicable to him, up to his total damages. He is awarded the full amount of the damages that the arbitrator ascertained, $24,000, a figure which the plaintiff has not challenged. The case must be remanded for a determination of the amount each insurer must pay. Our determination moots the plaintiff's other exceptions. *In re Estate of Page*, 117 N.H. 734, 736, 378 A.2d 750, 752 (1972).

*Exceptions sustained; remanded.*

LAMPRON, J., did not participate in the decision of this case; the others concurred.