Hillsborough
No. 78-011

MARK AUCLAIR

v.

ALLSTATE INSURANCE COMPANY
FIREMAN'S FUND AMERICAN INSURANCE COMPANY
HANOVER INSURANCE COMPANY

September 27, 1978

*Craig, Wenners, Craig & McDowell,* of Manchester (*Vincent A. Wenners, Jr.,* orally), for the plaintiff.

*Fisher, Parsons, Moran & Temple,* of Dover (*Robert H. Temple* orally), for the defendant Allstate Insurance Company.

*Wiggin & Nourie,* of Manchester (*James W. Donchess* orally), for the defendant Fireman's Fund American Insurance Company.

*Augustine J. McDonough, P.A.,* of Manchester, waived brief and oral argument for the defendant Hanover Insurance Company.

BOIS, J.  Petition for declaratory judgment to determine insurance coverage. The case was submitted to the Trial Court (*Goode,* J.) on an agreed statement of facts and on testimony in the form of depositions of the plaintiff and of his father, Lestor Auclair.

The pertinent facts are as follows: On June 5, 1973, Norman R. Vincent obtained a "nonowners" insurance policy through defendant Fireman's Fund American Insurance Company [hereinafter Fireman's Fund]. Attached to this policy was a special endorsement which read in part:

> 2. The insurance does not apply:
> (a) as respects the named insured, to any automobile owned by the named insured. . . .

> 3. If the named insured acquires ownership of an automobile during the policy period, the insurance hereunder shall nevertheless apply with respect to the ownership, maintenance or use of such automobile for a period of 30 days next following the date of such acquisition; provided that the insurance shall not apply beyond the effective date and time that any other insurance is available to the insured with respect to such automobile or would be available but for the existence of this insurance.

Fireman's Fund filed a certificate of financial responsibility with the New Hampshire Director of Motor Vehicles. Vincent then had his motor vehicle operator's license reinstated. His license had been revoked, and the division of motor vehicles had required him to prove his financial responsibility before his license would be reinstated. *See* RSA 268:3.

On August 8, 1973, Vincent purchased an automobile and was unexplainably issued, by the division of motor vehicles, a title certificate and registration. He never changed his insurance coverage or informed Fireman's Fund of his purchase and registration of the automobile.

The plaintiff's father, Lestor Auclair, of Orlando, Florida, had an automobile policy with Allstate Insurance Company [hereinafter Allstate]. The following persons were insured against bodily injury by uninsured automobiles:

> Section II, 1. The named insured and his relatives while residents of his household. . . .

On October 6, 1973, in Manchester, New Hampshire, Vincent was driving his automobile when it collided with an automobile owned and operated by John Rexenes. The plaintiff, a passenger in Vincent's automobile at the time, brought this action to determine which, if any, of the defendant insurers is liable for the plaintiff's resulting injuries.

The third defendant, Hanover Insurance Company, moved to dismiss, in effect admitting coverage and the duty to defend its insured, John Rexenes, the owner and operator of the vehicle that collided with the one in which the plaintiff was riding. The Court (*King*, J.) acted properly in granting Hanover's motion to dismiss the petition to the extent it seeks relief against Hanover.

The trial court found that "defendant Fireman's Fund . . . is under no obligation to defend or pay any judgment or otherwise afford any coverage on behalf of Norman Vincent in the present circumstance." This finding was entered in spite of the fact that Fireman's Fund admittedly waited beyond fifteen days before notifying the director of motor vehicles that its policy provided no coverage. *See* RSA 268:5 IV. The court further found that "at the time of the accident . . . Mark Auclair was not residing in the insured's (Lester [sic] Auclair) household. Accordingly, defendant Allstate . . . has no obligation to defend or pay any judgment or otherwise afford any coverage on behalf of its insured in this matter." The plaintiff timely excepted to the findings and rulings of the court. All questions of law raised were reserved and transferred.

The first question for our determination is whether Fireman's Fund must provide coverage to its insured, Norman R. Vincent, and therefore to the plaintiff, the insured's passenger. We answer in the affirmative and sustain the plaintiff's exception to the trial court's denial of coverage.

The plaintiff basically advances two reasons for requiring Fireman's Fund to provide coverage despite the exclusionary terms of its policy. The first is that a fair reading of the policy requires that the 30-day period of coverage afforded the insured for a subsequently-acquired owned automobile be extended until the policy is cancelled or expires, if no other insurance is available to the insured. We agree with the trial court that "such a strained and tortured interpretation is clearly without merit." "The well-established rule in this State is that insurance policies are interpreted from the standpoint of the layman 'in light of what a more than casual reading of the policy would reveal to an ordinarily intelligent insured.' " *Brown v. City of Laconia*, 118 N.H. 376, 378, 386 A.2d 1276, 1277 (1978); *accord, Commercial Union Assurance Companies v. Town of Derry*, 118 N.H. 469, 387 A.2d 1171 (1978); *Storms v. United States Fidelity and Guaranty Company*, 118 N.H. 427, 388 A.2d 578 (1978). We hold that the policy definition clearly excludes Vincent's vehicle.

The second contention is that RSA 268:1 VII ("Motor Vehicle Liability Policy") defines the sole type of policy that may be issued in order to provide the requisite proof of financial responsibility. The plaintiff argues that the statute mandates that all motor vehicle insurance policies provide coverage for owned vehicles as well as so-called "nonowners" or "operators" coverage. He would therefore have us read owned-vehicle coverage into Vincent's Fireman's Fund policy. In so arguing, the plaintiff relies on *Hartford Accident and Indemnity Co. v. Come*, 100 N.H. 177, 123 A.2d 267 (1956), in which case we acknowledged that our statute was designed to require that every motor vehicle liability policy contain both types of coverage. The plaintiff ignores that both *Come* and *Employer's Liability Assurance Corp., Ltd. v. Roux*, 98 N.H. 309, 100 A.2d 416 (1953), held that even though a nonowner policy issued to enable an operator to regain his driving license afforded no coverage to any owned vehicle of the insured, and therefore was not a "motor vehicle liability policy" under the Act, such policy was permissible and met the financial responsibility requirement of the Act. RSA 268:3. This principle was recognized by the trial court in the case at bar when it found that "[a]lthough a . . . liability policy, as defined by RSA 268:1 VII, may be accepted as proof of financial responsibility, it is not an exclusive method of proof. In fact, RSA 268:6 provides that security required . . . 'shall be in such form . . . as the director may require.' Thus it follows that proof . . . need not . . . be in the form of a 'motor vehicle liability policy'."

Plaintiff asserts that by upholding the validity of nonowner policies we allow an "anomalous gap" to be created, permitting vehicles to be registered (improperly) to owners who do not in reality possess adequate financial responsibility. We are not persuaded by this argument. If in fact such a gap exists, the remedy is better left to legislative action than to judicial fiat.

We are concerned, however, with the failure of the insurer to comply with RSA 268:5 IV, which reads as follows:

> Within 15 days after the receipt of notice of such accident, the insurance carrier . . . which issued such policy shall notify such director . . . in case such policy was not in effect at the time of such accident. If no such notification is received within such 15 days, such director may assume that such a policy was in effect at the time of the accident.

In *Come* the insurer failed to notify the commissioner within fifteen days of its insured's accident that its policy did not cover the accident. Consequently this court held the insurer estopped from denying coverage in a second accident involving the insured. Fireman's Fund attempts to distinguish that case by asserting, in effect, that *Come* stands for the proposition that upon breach of its duty of notification the insurer is allowed one free accident before it is estopped from denying coverage. We do not read the case that way. The court in *Come* made it quite clear that

> The Financial Responsibility Act was designed not merely to regulate the rights of operators and registrants of motor vehicles, but also the rights and obligations of insurers issuing policies to comply with the statute. [Citation omitted.] In imposing a duty upon a company to notify the Commissioner whether a policy was "in effect" at the time of the accident, RSA 268:5 IV was clearly designed to provide . . . information as to whether a motorist claiming to be insured is able to furnish "sufficient security to satisfy any judgment . . . for damages resulting" from the accident to which the inquiry relates.

*Id.* at 184–85, 123 A.2d at 273.

*Farm Bureau Ins. Co. v. Geer*, 107 N.H. 452, 224 A.2d 580 (1966), cited by Fireman's Fund, is inapposite. In *Geer* this court held that the rule of *Come*—that an insurer is liable if it fails to give timely notice of noncoverage—"cannot apply to a nonexistent policy or one which is negotiated only after a loss occurs." *Farm Bureau Ins. Co. v.*

*Geer*, 107 N.H. at 457, 224 A.2d at 584. Yet even in *Geer* the court noted that

> the Legislature did intend that insurance companies should plainly indicate whether or not coverage exists on the date of the accident. This case illustrates that a more careful and systematic compliance with the statute would be for the public benefit.

*Id.* No claim is made in the case at bar that the accident in question did not occur during the term of Fireman's Fund policy.

Because in the present case Fireman's Fund failed in its duty to notify the director under RSA 268:5 IV, we hold that a judgment should be entered declaring it obligated to defend any actions against its insured arising out of the accident and to satisfy any judgments herein up to the limits of $20,000/$40,000. This holding obviates our need to decide whether the plaintiff was residing in his father's household at the time of the accident so as to bring into play Allstate's uninsured motorist coverage. *See Brack v. Middlesex Mutual Insurance Co.*, 118 N.H. 72, 382 A.2d 914 (1978) (uninsured motorist coverage is triggered only when a claimant is injured by a motorist who lacks liability insurance meeting the minimum requirements of the financial responsibility law, RSA 268:1 VII).

Subsequent to oral argument, the plaintiff moved to submit additional issues in this case. We denied the motion, but wish to point out a basic error in one of the plaintiff's arguments. He claims that "if the Court rules that the Fireman's Fund is obliged to provide liability coverage in the amount of $20,000/$40,000, that Allstate is also obliged to provide coverage in the amount of $20,000/$40,000, to the extent that the plaintiff's damages exceed $20,000." The plaintiff cites *Courtemanche v. Lumbermen's Mutual Casualty Company*, 118 N.H. 168, 385 A.2d 105 (1978), as support for his position.

The plaintiff misconstrues *Courtemanche.* In that case we permitted the plaintiff "to stack the coverages of as many uninsured motorist policies as are *applicable to him*, up to his total damages." *Id.* at 173, 385 A.2d at 108. (Emphasis added.) *Courtemanche* did not, however, in any way limit the holding of *Brack v. Middlesex Mutual Insurance Co. supra*, in which we specifically held that an uninsured motorist policy may not be "stacked" with primary liability coverage meeting the statutory minimum.

*Exceptions sustained in part, overruled in part; remanded.*

BROCK, J., did not sit; the others concurred.