Merrimack
No. 81-352

BERKSHIRE MUTUAL INSURANCE CO.

v.

ALLAN D. GLOVER & a.

April 7, 1982

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Andrew D. Dunn* on the brief and orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.*, on the brief and orally), for the defendant Shelby Mutual Insurance Company.

KING, C.J. The plaintiff, Berkshire Mutual Insurance Co., brought a petition for a declaratory judgment, RSA 491:22, in the superior court seeking a ruling that, because of a failure to notify the division of motor vehicles that Philip Martin was not insured, the defendant Shelby Mutual Insurance Company (Shelby Mutual) was estopped to deny insurance coverage for Martin, the driver of an automobile involved in a July 14, 1977, accident. The Master (*Roger G. Burlingame*, Esq.) recommended that the plaintiff's petition be denied. The Superior Court (*DiClerico*, J.) approved the master's recommendation. We affirm.

On July 14, 1977, an automobile driven by Martin was involved in an accident with an automobile driven by Sandra Glover in which Allan Glover was a passenger. Although Martin had been insured by Shelby Mutual prior to the accident, all policies had been effectively cancelled by that time.

After the accident, Martin filed a report with the department of safety, division of motor vehicles, and on his FR-21 form, attached to the accident report, he stated that he was insured by Shelby Mutual. Although it is the practice of the division of motor vehicles to send the FR-21 form to the insurer, Shelby Mutual stated that it never received the form. Approximately one week after the accident, Martin's attorney contacted Shelby Mutual and at that time was told that no insurance coverage was in effect at the time of the accident.

In February 1979, Allan Glover's attorney contacted Shelby Mutual, and Shelby Mutual again responded that Martin was not insured at the time of the accident. At approximately the same time, the division of motor vehicles indicated that it knew that Martin was uninsured and that steps were being taken to suspend his operating privileges.

After determining that Martin was uninsured, Allan Glover

made a claim against his own insurer, the plaintiff, for uninsured motorist benefits. Subsequently, the plaintiff brought this petition for a declaratory judgment. In denying the plaintiff's petition, the master concluded that Shelby Mutual was not obligated to contact the division of motor vehicles regarding Martin's lack of insurance coverage. We agree.

The New Hampshire Financial Responsibility Act, RSA ch. 268 (now RSA ch. 264), states that the division of motor vehicles shall suspend the operating privileges of a driver involved in an accident unless the driver either posts security for any judgment that may be obtained against him or had insurance coverage in effect at the time of the accident. RSA 268:5 I & II (now RSA 264:3 I & II). If, as in this case, the driver indicates that he was covered by insurance, the division of motor vehicles may assume the existence of insurance coverage unless the named carrier, within fifteen days after receiving notification, contacts the division of motor vehicles denying coverage. RSA 268:5 IV (now RSA 264:3 IV).

In *Auclair v. Allstate Ins. Co.*, 118 N.H. 626, 392 A.2d 1197 (1978), this court stated that an insurance carrier's failure to notify the division of motor vehicles, as required by RSA 268:5 IV (now RSA 264:3 IV), acts to estop the carrier from denying coverage. *Auclair v. Allstate Ins. Co.*, 118 N.H. at 630–31, 392 A.2d at 1206. *See Hartford Accident and Indemnity Co. v. Came*, 100 N.H. 177, 184–85, 123 A.2d 267, 273 (1956).

■ The plaintiff relies on *Auclair* in asserting that Shelby Mutual's failure to notify the division of motor vehicles acted to estop Shelby Mutual from denying insurance coverage for Martin. The *Auclair* decision, however, is distinguishable from this case. In *Auclair*, the driver had an insurance policy in effect, but the policy did not cover the accident which was reported to the division of motor vehicles. *Auclair v. Allstate Ins. Co.*, 118 N.H. at 629, 630–31, 392 A.2d at 1199, 1200. In this case, Martin did not have an insurance policy in effect.

■ Rather, this case falls within the scope of this court's ruling in *Farm Bureau Ins. Co. v. Geer*, 107 N.H. 452, 224 A.2d 580 (1966). In *Geer*, this court concluded that the requirements of RSA 268:5 IV (now RSA 264:3 IV) do not apply to situations in which no insurance policy is in existence. *Farm Bureau Ins. Co. v. Geer*, 107 N.H. at 457, 224 A.2d at 584. Martin had no insurance policy in effect at the time of the accident, and, therefore, Shelby Mutual was not obligated to notify the division of motor vehicles. Without such an obligation, failure to act under RSA 268:5 IV (now RSA

264:3 IV) will not estop Shelby Mutual from denying insurance coverage for Martin.

*Affirmed.*

All concurred.