Merrimack
No. 82-017

### SHELBY MUTUAL INSURANCE COMPANY

v.

### MAURICE CARRIER & a.

August 17, 1982

*Wiggin & Nourie*, of Manchester (*Gregory A. Holmes* on the brief and orally), for the plaintiff.

*Hall, Morse, Gallagher & Anderson,* of Concord (*G. Wells Anderson* on the brief and orally), for the defendant Marion C. Fleming and for Merchants Mutual Insurance Company.

KING, C.J.  The Trial Court (*Johnson,* J.) transferred the following questions to this court: (1) "[w]hether the failure of the Shelby Mutual Insurance Company to return the FR-21 form within fifteen days of the notice it received requires it to provide coverage under RSA 268:5 IV and *Auclair v. Allstate,* 118 N.H. 626, 392 A.2d 1197 (1978)"; and (2) "whether the term 'owner' as defined in RSA 268:1 III is part of the mandatory amendments to New Hampshire Insurance Policies so as to control the definition of 'owner' in a non-owner's automobile policy." We answer both questions in the negative and remand.

The defendant Maurice Carrier purchased a non-owner insurance policy from the plaintiff, Shelby Mutual Insurance Company (Shelby). There are two relevant policy provisions. One provision expressly excludes coverage of the insured if he is the owner of the automobile. Additionally, the policy contains an endorsement which states that all policy provisions required by RSA chapter 268 are incorporated by reference in the insurance policy.

In April 1980, while the policy was in effect, Maurice Carrier was involved in an automobile accident in which the defendant Marion C. Fleming was also involved. Mr. Carrier filed a report with the director of motor vehicles and completed the FR-21 form, stating that he was the operator of the automobile, but that Mary Baker was the owner of the vehicle. Shelby received the FR-21 form and did not object within the fifteen-day statutory period. *See* RSA 268:5 IV.

Subsequently, the defendant Marion C. Fleming commenced an action against the defendant Maurice Carrier. After Shelby completed its investigation of the accident, it concluded that Mr. Carrier was the true owner of the vehicle and that Mary Baker was merely a "straw." Consequently, Shelby filed a declaratory judgment action seeking a ruling that it was not liable for coverage because of the owner exclusion in its policy. The defendants then moved for summary judgment, claiming that Shelby's failure to return the FR-21 form within the statutory fifteen-day period required Shelby to provide coverage and that the definition of owner in RSA chapter 268 precluded Shelby from arguing that Mr. Carrier, the legal title owner, was not in fact the true owner. Without ruling on the defendants' motion, the trial court transferred the issues presented to this court.

■ RSA 268:5 IV (now codified at RSA 264:3 IV) requires an insurance company, listed as the insurer on an FR-21 form, to return the form within fifteen days of receipt. We stated in *Auclair v. Allstate Ins. Co.*, 118 N.H. 626, 392 A.2d 1197 (1978), that failure to return the form and deny coverage would result in the insurance company being liable for coverage. *Id.* at 630, 392 A.2d at 1200. *But see Berkshire Mutual v. Glover*, 122 N.H. 369, 371, 444 A.2d 567, 568 (1982). In *Auclair*, however, the FR-21 form provided the insurance carrier with the information necessary to deny coverage. In this case, Shelby had to undertake an investigation before it could determine that it might not be liable for coverage. If the facts stated on the form had been accurate, Shelby would have had to provide coverage. We will not impose a requirement that an insurance company complete its investigation within fifteen days. *See* RSA 491:22 (insurance companies allowed six-month period of investigation). Therefore, we conclude that Shelby's failure to return the FR-21 form within fifteen days of receipt does not preclude it from now arguing that it is not liable for insurance coverage.

The second issue in this case is whether Shelby's policy incorporates the definition of "owner" as stated in RSA 268:1 III (now codified at RSA 259:72). The statutory language defines "owner" as "a person who holds legal title to a motor vehicle . . . ." *Id.* Because the insurance policy in this case specifically incorporated the requirements imposed by RSA chapter 268, the defendants argue that Shelby is bound by the statutory definition and precluded from distinguishing the true owner from the legal title holder. We disagree.

■ The endorsement in the insurance policy states that the policy incorporates "all policy provisions required" by RSA chapter 268. The definition of "owner" under the statute is not a required policy provision. Although this court did not specifically address the argument in *Employers &c. Corp. v. Roux*, 98 N.H. 309, 100 A.2d 416 (1953), the facts in that case were essentially the same as the ones presented here. In *Roux*, this court held that an endorsement incorporating RSA chapter 268 did not require a non-owner's policy to cover an insured driving an owned vehicle, *id.* at 312, 100 A.2d at 418, although the court concluded that RSA chapter 268 did require coverage of automobile owners. In *Roux*, the issue was raised that although the legal title to the vehicle was in another's name, the insured was the true owner. *Employers &c. Corp. v. Roux*, 98 N.H. at 310, 100 A.2d at 417. The court did not require that the definition of owner in RSA chapter 268 control. *Id.*, 100 A.2d at 417. To allow owners of vehicles to purchase non-owner's insurance coverage by

transferring legal title to a straw would be to encourage fraud. For the foregoing reasons, we conclude that Shelby may proceed and attempt to prove that Maurice Carrier is the true owner of the vehicle.

The defendant raised an additional argument; but because the issue was not transferred by the trial court, it is not properly before us.

*Remanded.*

All concurred.