Merrimack
No. 87-030

HARTFORD ACCIDENT & INDEMNITY COMPANY

v.

SENTRY INSURANCE COMPANY

December 7, 1987

*Alex Komaridis*, of Auburn, by brief and orally, for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Andrew D. Dunn* on the brief and orally), for the defendant.

JOHNSON, J.  This appeal arises out of cross motions for summary judgment filed by the parties. Upon the recommendation of a Master (*Mayland H. Morse, Jr.*, Esq.), who decided the case on agreed facts and briefs, the motion of the plaintiff, Hartford Accident and Indemnity Co. (Hartford), was denied by the Trial

Court (*Morrill*, J.), and the motion of the defendant, Sentry Insurance Co. (Sentry), was granted by the Trial Court (*Cann*, J.). Hartford appeals.

Two questions are presented on appeal. The first question is whether, when an insurance company files an SR-22 form with the division of motor vehicles, the filing company remains liable with respect to that filing until it files a notice of cancellation, SR-26, or whether the company ceases to be liable on the expiration date of the policy, as stated on the SR-22 form. The second question is whether the failure of the company to return an FR-21 form to the division of motor vehicles after an accident estops that company from denying coverage. We affirm the granting of Sentry's motion for summary judgment and the denial of Hartford's motion.

On September 2, 1981, Roland J. Voisine, Jr., was required by the New Hampshire Division of Motor Vehicles (DMV) to provide proof of financial responsibility in accordance with the dictates of RSA chapter 264 (then 268) because he had accumulated several speeding convictions within a period of twelve months.

Mr. Voisine demonstrated financial responsibility in the customary way, by requesting his insurer, Sentry, from whom he had recently purchased an automobile liability policy, to file an SR-22 form with the DMV. Sentry filed the appropriate form on September 23, 1981, yet stated that the certificate was effective as of September 14, 1981, and would remain effective until its termination on February 3, 1982. As a result of this filing, Mr. Voisine's driving privileges were not suspended by the DMV; had Mr. Voisine failed to demonstrate financial responsibility, his driving privileges would have been suspended pursuant to RSA 264:3.

When he purchased the policy from Sentry, Mr. Voisine attempted to make a partial payment of the premium, in the amount of $132. However, the check was returned for insufficient funds by Mr. Voisine's bank. Thereafter, Mr. Voisine made no further payments and Sentry took steps to cancel the policy, including notifying Mr. Voisine on September 24, 1981, that his policy would be cancelled as of October 8, 1981. However, Sentry did not send a notice of cancellation, SR-26, to the DMV until December 17, 1985.

On December 20, 1982, Mr. Voisine was involved in an accident in Bedford, which was judged to be his fault. Mr. William Wright, with whose vehicle Mr. Voisine's vehicle collided, incurred damages of $13,901.50, which were paid by his insurer, the plaintiff

Hartford. Thereafter, plaintiff became subrogated to Mr. Wright's claims, pursuant to the provisions of Mr. Wright's insurance policy.

On January 28, 1983, the DMV, having been notified of the Voisine-Wright accident, sent an FR-21 form to Sentry, based upon Sentry's filing of an SR-22 form in September of 1981. The financial responsibility statute requires the insurer named on the SR-22 to notify the department of safety within fifteen days of receiving notice of the accident in case the policy was not in effect at the time of the accident. RSA 264:3, IV. Sentry failed to return the FR-21 form to the DMV and, as indicated above, Sentry also failed to file an SR-26 form indicating that Mr. Voisine's policy had been cancelled before the Wright accident.

Hartford, having paid Mr. Wright's claim for collision and uninsured motorist benefits, demanded payment from Sentry, but Sentry denied coverage, on the ground that Mr. Voisine's policy had been cancelled effective October 8, 1981. Hartford then filed, in October, 1985, a petition for declaratory judgment in the superior court, and both parties filed motions for summary judgment. By agreement of the parties, the case was decided by the master on an agreed set of facts and on briefs.

As to the first issue, Hartford argues that the SR-22 "Continuous Certificate" remains in effect until the SR-26 notice of cancellation is filed with the DMV. Therefore, if the insurer fails to file the SR-26 form, the SR-22 will remain in effect and the DMV will assume that the driver in question continues to be insured. In Hartford's view, unless the SR-26 filing requirement is strictly enforced, the financial responsibility statute's goal of protecting the public from uninsured, high risk motorists will not be realized. This is because the DMV will not necessarily be informed when the insurance policy of a high risk motorist is cancelled, with the likely result that the motorist will continue to drive, uninsured, and to threaten the persons and property of others. The DMV would only be certain to learn of the policy cancellation when the motorist was involved in a subsequent accident and the DMV notified the insurer whose name appeared on the SR-22 form.

Hartford also argues that the language of RSA 264:21 requires the submission by the insurer to DMV of a notice of cancellation (SR-26) in order for the insurer to deny liability in the event that the former policyholder is involved in an accident and claims coverage. RSA 264:21 states: "Every continuous certificate shall remain in effect no less than 20 days after written notice is received by the director that said continuous certificate shall be cancelled . . . ." Hartford points out that the SR-22 form which Sentry filed

on behalf of Roland Voisine stated: "This certificate is effective from 9/14/81 and continues until cancelled or terminated in accordance with the financial responsibility laws and regulations of this State." In Hartford's view, the language of RSA 264:21 and the SR-22 form which Sentry filed means that the continuing nature of the SR-22 certificate caused the certificate to supersede the policy expiration date, with the result that coverage cannot be cancelled absent an SR-26 filing by the insurer. Hartford concludes that Sentry should be estopped from denying coverage under Mr. Voisine's policy because of Sentry's failure to file the SR-26 form.

Sentry counters that it should not be estopped to deny coverage because the passage of the policy expiration date (February 3, 1982), which in this case was indicated on the SR-22 form, is sufficient notice to the DMV of the termination of the policy and that the separate filing of an SR-26 form is unnecessary. Sentry argues that since the SR-22 form which Sentry filed stated that it was effective until *cancelled* or *terminated,* and since it specified the expiration date of Mr. Voisine's policy, Sentry could reasonably conclude the filing the SR-22 alone provided sufficient notice to the DMV of the date when Mr. Voisine's coverage ceased and that no further notice of cancellation of the policy was necessary.

■■ We agree with Sentry. "The accepted meaning of 'cancellation' as applied to insurance policies is termination pursuant to the provisions of a cancellation clause in the policy . . . ." *Reserve Ins. Co. v. Duckett,* 240 Md. 591, 598, 214 A.2d 754, 758 (1965). The SR-22 form which Sentry filed for Roland Voisine, Jr., stated: "This certification is effective from 9/14/81 and continues until *cancelled* or *terminated* in accordance with the financial responsibility laws and regulations of this State." (Emphasis added.) "Terminated" has a less certain meaning than "cancelled" within the insurance industry. Nonetheless, the New Hampshire insurance statutes generally use "cancellation" to signify the ending of a policy before the expiration of its term, and non-renewal to signify the ending of a policy on the date the term expires. *See* RSA chs. 417-A and 417-B. As a result, Sentry could reasonably have assumed that the expiration date indicated on the SR-22 form which it filed with the DMV was sufficient notice of the date when Mr. Voisine's insurance policy terminated [*i.e.* would not be renewed] pursuant to the financial responsibility laws and regulations of this State. The reasonableness of that assumption is made even more evident when one considers that both New Hampshire's financial responsibility statute and the DMV's regulations are silent regarding the claimed requirement that an SR-26 form be filed in order to cancel an SR-

22 form filed earlier. The SR-26 form is not mentioned in "the financial responsibility laws and regulations of this State." *See* RSA ch. 264; Saf-M 600. Admittedly, RSA 264:3, IV states:

"Within 15 days after the receipt of notice of [an] accident, the insurance carrier or surety company which issued [the] policy shall notify the department in such manner as it may require in case such policy was not in effect at the time of the accident. If no such notification is received within such 15 days, the director may assume that such a policy was in effect at the time of the accident."

This language arguably indicates that Sentry's failure to return the FR-21 form to the DMV contravened the spirit of the financial responsibility statute. Nonetheless, the language makes no reference to a requirement that an insurer file an SR-26 form in order to negate an earlier SR-22 filing. In the absence of any such reference, it is entirely understandable that Sentry believed that the filing of an SR-22 form complete with termination date was sufficient to inform the DMV of the date when coverage would end. Moreover, RSA 264:3, IV states that if the insurer fails to notify the DMV of the cancellation of a policy within the requisite fifteen days, the director of the department of safety "*may* assume that such a policy was in effect at the time of the accident." (Emphasis added.) This language suggests that such an assumption is unwarranted when countered by clear evidence that a policy was not in effect at the time of the accident. In this case, where the inclusion of the policy's termination date on the SR-22 form provides clear evidence that a policy was not in effect at the time of the accident, the director *should not* assume that a policy was in effect when the accident occurred.

The foregoing discussion serves as a preface to our consideration of the second question presented on appeal; namely, whether Sentry's failure to return an FR-21 form to the division of motor vehicles after an accident estops Sentry from denying coverage. Sentry understandably believed that it had ceased to be Roland Voisine, Jr.'s insurer on February 3, 1982, and it argues that this issue should be resolved under prior cases standing for a general rule that the insurer's failure to file a notice of expiration with the DMV does not estop the insurer to deny coverage when the policy has expired. *See, e.g., Berkshire Mut. Ins. Co. v. Glover*, 122 N.H. 369, 371–72, 444 A.2d 567, 568 (1982); *Farm Bureau Ins. Co. v. Geer*, 107 N.H. 452, 456, 224 A.2d 580, 584 (1966); *Employers Assurance Co. v. Sweatt*, 95 N.H. 31, 35, 57 A.2d 157, 160 (1948).

We think, however, that Sentry is entitled to prevail without any need to hold that an insurer's failure to return an FR-21 form can never ground an estoppel claim. Here it is clear that after the accident in question an FR-21 form would have disclosed nothing of relevance that Sentry had not already revealed on the SR-22 form, that on the date of the accident there was no policy in existence. If there was any prejudice to Hartford and its insured, it was not Sentry's failure to return the FR-21 form. Consequently, there was no reliance in this case on which an estoppel claim would be based.

██ We conclude that the SR-22 form which Sentry filed with the DMV on behalf of Roland Voisine, Jr., provided adequate notice to the DMV of the term of Mr. Voisine's insurance coverage and, therefore, of the fact that Mr. Voisine was uninsured at the time of his accident with William Wright. We also conclude that Sentry Insurance Company was not estopped from denying coverage to Mr. Voisine for failure to return an FR-21 form to the division of motor vehicles after the Voisine-Wright accident. Based upon these conclusions, we affirm the decision of the trial court granting Sentry's motion for summary judgment and denying Hartford's motion for summary judgment.

*Affirmed.*

All concurred.