MERCHANTS MUTUAL CASUALTY CO. *v.* DOROTHY EGAN, *& a.*

*Devine & Tobin (Mr. Tobin* orally), for the plaintiff.

*Robert Rich* and *Hinkley & Hinkley (Mr. Irving A. Hinkley* orally), for the defendants.

BRANCH, J. This case raises a question as to the validity of the following provision of the defendant's policy of automobile liability insurance.

"8. ASSIGNMENT. No assignment of interest under this policy shall bind the company until its consent is endorsed hereon; if, however, the named insured shall die or be adjudged bankrupt or insolvent within the policy period, this policy, unless canceled, shall, if written notice be given to the company within thirty days after the date of such death or adjudication, cover (1) the named insured's LEGAL REPRESENTATIVE as the named insured, and (2) subject otherwise to the provisions of paragraph III, any person having proper temporary custody of the automobile, as an insured, until the appointment and qualification of SUCH LEGAL REPRESENTATIVE, but in no event for a period of more than thirty days after the date of such death or adjudication."

The question arises by reason of the following provisions of the statute, Laws 1937, c. 161:

"16. POLICY FORM. ... Said insurance commissioner shall approve a form of policy which contains the name, address and business of the insured, a description of the motor vehicles and trailers or semi-trailers covered, with the premium charges therefor, the policy period, the limits of liability, and an agreement that insurance is provided in accordance with and subject to the provisions of this act."

"17. REQUIRED PROVISIONS. A motor vehicle liability policy shall be subject to the following provisions which need not be contained therein. . . .

"IV. If the death, insolvency or bankruptcy of the insured shall occur within the policy period, the policy during the unexpired portion of such period shall cover the legal representatives of the insured. Such policy shall contain such provisions, as are not inconsistent with this act, as shall be required by the insurance commissioner."

It is the contention of the defendant that the above provision of the policy is inconsistent with the statute and hence beyond the power of the commissioner to approve, while the plaintiff argues that "a method is merely set up with the approval of the Commissioner and not inconsistent with the statute whereby the company can be informed as to its new contractual party."

The policy requires that "notice" shall be given to the company within 30 days after the death of the insured as a condition precedent of liability. The plaintiff argues that "no notice having been given to the company, the insurance on the car ceased as of March 4, 1939." In accordance with this argument the master found "that the conditions named in Paragraph 8 of the policy under which the liability

of the plaintiff upon the policy might have been continued after Mr. Egan's death were not complied with" and ruled "that at the time of the accident there was no coverage on this policy." In other words, the master ruled that the failure of the defendant to comply with the conditions of the policy reduced the duration of the statutory extension to 30 days although the statute specifically says that it shall continue in force for the full policy period. This is plainly inconsistent with the terms of the statute.

The contention that the above clause merely furnishes a method "whereby the company can be informed as to its new contractual party" cannot be accepted. On the contrary, as above indicated, this provision is a condition designed to limit the statutory extension to 30 days in cases like the present. So far as the policy attempts to give the insurer information as to "its new contractual party" it does so by attaching to the statutory extension, conditions not contemplated by statute.

Nor did the approval of the Insurance Commissioner serve to validate this provision of the policy. The commissioner has power to approve "the limits of liability" fixed in a policy, but he has no power to approve conditions which reduce either the extent or the duration of an obligation which the statute specifically imposes. The provisions which he approves must not be inconsistent with the statute. The inconsistency in the present case seems plain and the statute must prevail.

This conclusion does not conflict with the previous decisions of this court regarding the authority of the Insurance Commissioner. In *Raymond* v. *Casualty Co.*, 86 N. H. 93, it was held that the commissioner might approve a policy which excepted "special uses calling for special rates" (carrying passengers for hire). In *Continental Casualty Co.* v. *Buxton*, 88 N. H. 447, it was held that a provision which excluded a special class of persons from the coverage was a valid limit of liability, (the passenger-guests of renters of the named assured's automobiles). In *Shelby &c. Co.* v. *Lynch*, 89 N. H. 510, the exclusion of another special class, *i.e.* employees of the named assured, was upheld. In both of the cases last referred to, it was pointed out that the exclusion "does not deprive the general public of the protection afforded by the extension of indemnity to one who is responsible for the operation of an automobile with the owner's express or implied consent." The limitation of liability here falls into an entirely different category. It is not restricted to a special class or a special use calling for special rates. On the contrary, the

present limitation of liability does deprive the general public of the protection afforded by the statutory extension of liability after 30 days without regard to the character of the use in question.

This conclusion renders it necessary to consider the interpretation of the statute. It was the obvious intent of the act that someone should be covered during the unexpired portion of the policy period, and that the protection purchased by the owner of the car in his lifetime should not be forfeited by his death. Nor is there anything in the statute to indicate an intention that the failure of his relatives or other interested parties to secure the prompt appointment of an administrator should bring about this result in part. No "legal representative" in the sense of an administrator of his estate, might be appointed for a considerable time after the death of the insured. This fact is recognized by the plaintiff in the provision that "any person having proper temporary custody of the automobile" shall be covered, "but in no event for a period of more than thirty days." The statute does not authorize the insurer thus to define and limit its liability. It imposes a continuing liability to the "legal representatives" of the deceased. The foregoing provision may, however, be taken as indicating the persons who, in the opinion of the plaintiff, are entitled to the protection of the policy until a "legal representative" is appointed, and the statute might fairly be given this interpretation if it were necessary to the decision of the case. The words "legal representatives" have no fixed meaning in the law. Their significance varies according to the circumstances of their use. "The term 'legal representatives' is not necessarily restricted to the personal representatives of one deceased, but is sufficiently broad to cover all persons who, with respect to his property, stand in his place and represent his interests, whether transferred to them by his act or by operation of law." *New York Mut. Life Ins. Co.* v. *Armstrong*, 117 U. S. 591, 597. Reference to Words and Phrases, where many definitions are collected, clearly indicates the great variety of meanings which have been given to these terms, among the most common of which is "heirs." The words are also found in many cases to have been used in the sense of "successors in title." 24 Words and Phrases, 603-609, 618-619. Among the many authorities which sanction their interpretation as "heirs," reference may be made to the well considered case of *Griswold* v. *Sawyer*, 125 N. Y. 411, which dealt with the construction of a life insurance policy. We think that the purpose of the statute will be effectuated by giving to them that significance in the present case. Further than this we need not go. The

372

defendant and her eleven year old son were the sole heirs of her husband and she was operating the car at the time of the accident. She is entitled to the protection of the policy.

*Bill dismissed.*

All concurred.