Sullivan,
No. 5612.

ALLSTATE INSURANCE COMPANY

*v.*

DELPHIS ROBERTS *& a.*

Argued September 6, 1967.
Decided July 17, 1968.

*Devine, Millimet, McDonough, Stahl & Branch* and *E. Donald Dufresne* (*Mr. Dufresne* orally), for the plaintiff.

*Leahy & Denault* (*Raymond V. Denault* orally), for the defendants Paul W. Remick and American Fidelity Company.

*Shulins & Duncan* for the defendant Delphis Roberts.

*Sheehan, Phinney, Bass & Green* and *John M. Tobin* ( *Mr. Tobin* orally ), for the defendant Royal Indemnity Company.

PER CURIAM. Petition for declaratory judgment brought by the Allstate Insurance Company to determine the rights and obligations of it, the Royal Indemnity Company, and the American Fidelity Company under policies issued by each of them. The petition was instituted to determine which of the insurance companies, if any, are obligated to defend an action at law brought by Delphis Roberts in which he alleged personal injury as the result of an accident on July 14, 1963.

On stipulated facts the Court ( *Griffith,* J. ) reserved and transferred the following question. "What is the obligation, if any, of each of the companies in regard to the action at law brought by Delphis Roberts against Roy E. DeVoyd?"

The vehicle involved in the accident was owned by one Gore of Amherst, Massachusetts who sent it to Remick's service station in Claremont, New Hampshire for brake repairs. Roberts, an employee of Remick's, was directing one DeVoyd, a fellow employee, onto a hydraulic ramp with Gore's vehicle when it did not stop on the ramp but continued forward and struck Roberts, injuring him. Roberts' injury arose out of and in the course of his employment for which he received workmen's compensation benefits. Gore, Remick and DeVoyd all had insurance policies written by three different insurance companies. The determination of the extent of the obligations of each insurance company, if any, is the object of the petition for declaratory judgment concerning the action brought by Roberts against DeVoyd.

I. The Royal Indemnity Company policy was an automobile liability policy issued to Gore on the vehicle involved in the accident. The policy was written and issued in Massachusetts to Gore who was a resident thereof. Accordingly Massachusetts law applies to the interpretation of the policy. *Fisk* v. *Atlantic Nat. Ins. Co.,* 108 N. H. 353, 355; Restatement ( Second ), Conflict of Laws, *s.* 346i, *comment* a ( Tent Draft No. 6, 1960 ). The company disclaims coverage for Roberts on the basis of an exclusion in the policy ( Part I, clause ( f ) ) on garage and service station operations. If this exclusion clause may not result in a denial of coverage under New Hampshire law ( See *Case* v. *Fidelity & Casualty Co.,* 105 N. H. 422,

426 ), the Massachusetts law interprets the exclusion clause as denying coverage under the aging but still viable authority of *Kenner* v. *Century Indemnity Co.,* 320 Mass. 6. It follows that Royal Indemnity is not obligated to provide coverage.

II. The American Fidelity Company issued an "Automobile Garage Liability" policy to Paul Remick covering bodily injury or property damage caused by accident and arising out of the garage operations hazard. "Garage operations" is defined as the "ownership, maintenance or use of the premises for the purposes of a garage, and all operations necessary or inciden-tal thereto." The automobile hazards section of the policy ( paragraphs 1 ( a ) and 2 ) covers the " . . . use of any auto-mobile for the purpose of garage operations . . . " and the " . . . use in connection with garage operations of any auto-mobile which is neither owned nor hired by the named insured . . . . " The stipulated facts make it clear that the instant accident occurred on the premises of Paul Remick's service sta-tion and that the premises were being used for the purposes of a garage. Directing the automobile on the lift for brake repairs at the service station was an operation necessary or incidental to the use of the premises for the purpose of a garage and was a hazard covered by the policy unless exclusionary provisions of the policy control. Annot. 93 A. L. R. 2d 1047.

American Fidelity Company disclaims coverage relying on the limited definition of insured in the policy with relation to injuries caused to a fellow employee as well as the exclusion from coverage of injury to an employee entitled to workmen's compensation. The policy also contains a standard New Hamp-shire statutory motor vehicle liability policy endorsement. RSA 268:1 VII, 16 III. While it is true that a garage liability policy has many distinctive features ( *Peerless Ins. Co.* v. *Gould,* 103 N. H. 134 ), it is subject to and governed by the provisions of our financial liability act as provided by the standard New Hampshire statutory motor vehicle liability endorsement. As was stated in *American Casualty Co.* v. *Senecal,* 100 N. H. 261, 266: "The fact that they [motor vehicle liability pro-visions] were embodied in a 'Garage Liability' policy did not operate to free them from compliance with the statute." Limit-ing definitions and exclusions in the policy itself are controlled by the standard statutory endorsement within the minimum limits prescribed by RSA ch. 268. *Merchants &c. Cas. Co.* v. *Tuttle,* 98 N. H. 349.

The garage liability policy issued by American Fidelity Company " . . . was obviously designed primarily to afford protection against liability which might arise out of the operation of a filling station or garage, including risks from the operation of automobiles in the course of the business, whether such automobiles should be owned by the insured or not." *American Casualty Co.* v. *Senecal, supra,* 263-264. The garage liability policy affords coverage within statutory limits in this case which involves an accident allegedly caused by a garage employee. *Case* v. *Fidelity & Casualty Co.,* 105 N. H. 422; 7 Appleman, Insurance Law and Practice, *s.* 4452 (1962). See Plummer, Random Developments, Cases and Trends in the Automobile and Garage Liability Policies, 29 Ins. Counsel J. 603 (1962).

III. Allstate Insurance Company issued an automobile liability policy to DeVoyd listing his own automobile as the insured vehicle. Allstate contends that the coverage provided by its policy is excess coverage over other collectible insurance. The policy contains the following clause with reference to other insurance: "Allstate shall not be liable under this Part 1 for a greater proportion of any loss than the applicable limit of liability stated on the Supplement Page bears to the total applicable limit of liability of all collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or a non-owned automobile shall be excess insurance over any other collectible insurance." This excess insurance clause is a valid one. See *Merchants &c. Cas. Co.* v. *Tuttle,* 98 N. H. 349, 355; *Davy* v. *Merchants &c. Cas. Co.,* 97 N. H. 236. Inasmuch as DeVoyd was driving a non-owned automobile at the time of this accident, the Allstate Insurance Company is only obligated to furnish excess coverage for this accident.

*Remanded.*

GRIFFITH, J., did not sit; the others concurred.