Hillsborough
No. 7743

JOHN BRACK, ADMINISTRATOR
ESTATE OF JUDITH BRACK

v.

MIDDLESEX MUTUAL INSURANCE CO., & a.

February 3, 1978

*Craig, Wenners, Craig & McDowell* and *Arthur M. Connelly,* of Manchester (*Vincent A. Wenners, Jr.,* orally), for John Brack.

*Devine, Millimet, Stahl & Branch* and *Gregory D. Prymak,* of Manchester (*E. Donald Dufresne* orally), for Middlesex Mutual Insurance Co.

PER CURIAM. This case arises from a single-car automobile accident on May 12, 1974, in which the plaintiff's decedent was killed. The plaintiff brought a petition for declaratory judgment to determine whether Middlesex Mutual had the obligation to provide uninsured motorist coverage for decedent's injuries. The defendant answered and the petition was submitted on an agreed statement of facts. The court filed its decree on November 19, 1976, finding that there was no duty to extend coverage. The plaintiff seasonably excepted to the decree, and all questions of law were reserved and transferred by *Perkins, J.*

On May 12, 1974, Judith Brack was a passenger in a car owned and operated by Thomas Bennett. Bennett was insured under a policy providing for liability coverage with $20,000/40,000 limits, issued by Fireman's Fund Insurance Company. Judith Brack also had insurance under a policy issued by the defendant, Middlesex Mutual Insurance Company, which provided uninsured motorist protection up to $20,000/40,000. Her father brought this action as administrator of her estate, claiming that his daughter's injuries were greater than the $20,000 limit of Bennett's policy and that Middlesex Mutual had the obligation to provide coverage for the excess under the uninsured motorist provisions of Judith Brack's policy.

The plaintiff requested Middlesex Mutual to consent to a settlement with Fireman's Fund for the full $20,000 of Bennett's policy, but Middlesex Mutual advised him that it would not do so because it had no obligation to provide uninsured motorist coverage to Miss Brack and therefore had no right or obligation under her policy to furnish consent. The plaintiff advised Middlesex Mutual that such withholding of consent was unreasonable and thereafter

settled with Fireman's Fund for $20,000, the full amount of Bennett's policy. Middlesex Mutual took the position that this unilateral settlement violated an applicable exclusion of Judith Brack's policy, thereby vitiating its obligation to provide any coverage thereunder.

■■ The first issue that must be decided is whether the insured can recover under her own $20,000/40,000 uninsured motorist endorsement where the defendant motorist has liability insurance meeting the minimum requirements of the financial responsibility law, RSA 268:1 VII (Supp. 1975), but such insurance is inadequate to compensate for the plaintiff's injuries.

In order to permit the plaintiff to recover under Judith Brack's uninsured motorist policy, we would have to redraft RSA 268:15-a (Supp. 1975) to define uninsured motorist as a motorist whose coverage, no matter how large, is inadequate in relation to the plaintiff's injuries. *See* Mass. Gen. Laws Ann. ch. 175, § 113 L(1) (Supp. 1977) (providing for coverage from persons whose liability limits are insufficient in relation to plaintiff's damages); A. Widiss, A Guide to Uninsured Motorist Coverage § 2.35 (1969), § 2.38 (Supp. 1976). Our statute presently does not authorize an extension of uninsured motorist coverage to the case before us.

Under the rule established in *Vigneault v. Travelers Insurance Company*, 118 N.H. 75, 382 A.2d 910 (1978) the insured may recover only the difference between the amount of her damages or the uninsured motorist coverage, whichever is less, and the tortfeasor's liability coverage when the tortfeasor is uninsured, *i.e.,* less than $20,000 liability coverage. Since plaintiff's decedent had not obtained the higher uninsured coverage authorized by RSA 268:15-a I (Supp. 1975) and was not injured by a motorist who was uninsured, she may not recover from the defendant.

Resolution of the question whether the plaintiff waived such coverage by settling with Fireman's Fund Insurance Company could not affect the result in this case, and therefore need not be decided. *Liberty Mut. Ins. Co. v. Home Ins. Indem. Co.*, 116 N.H. 12, 18, 351 A.2d 891, 895 (1976).

*Plaintiff's exceptions overruled.*

LAMPRON, J., did not participate in the decision of this case.