Rockingham
No. 7711

### ALLSTATE INSURANCE COMPANY

### v.

### DANIEL O'SHAUGHNESSY & a.

February 3, 1978

*Fisher, Parsons, Moran & Temple,* of Dover (*Edward T. Clancy* orally), for plaintiff Allstate Insurance Company.

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*William A. Mulvey, Jr.,* orally), for defendant Concord Group Insurance Companies.

*Shaines, Madrigan & McEachern,* of Portsmouth (*Gregory D. Robbins* orally), for defendant Audrey Hodgdon, guardian of Albion Reed Hodgdon.

PER CURIAM. Petition for declaratory judgment brought by plaintiff Allstate Insurance Company against various parties seeking determination of insurance coverage issues. The parties submitted to the trial court an agreed statement of facts and also agreed on the questions to be determined. The case came before a Master (*Leonard C. Hardwick,* Esq.), who recommended that the questions presented be transferred without ruling to this court. The master's report was approved and a decree issued accordingly by *Mullavey,* J. The case was then reserved and transferred by *Perkins,* J.

This case arises out of a collision between two automobiles on August 1, 1974, in Durham. The driver of one car, Robert J. Whitney, was killed as a result of injuries sustained in the collision. The other driver, Albion Hodgdon, suffered severe permanent injuries. Albion Hodgdon, by his guardian, Audrey Hodgdon, brought suit for personal injuries against the estate of Robert J. Whitney, represented by defendant Daniel O'Shaughnessy as guardian ad litem. At the time of the collision, Robert Whitney was operating a 1965 Chevrolet Corvair automobile. Two days prior to the collision, on July 30, 1974, Robert Whitney had registered this car in his name at Berwick, Maine. Prior to July 30, 1974, the 1965 Corvair had been registered at Buxton, Maine to Irene Whitney, Robert Whitney's mother.

Irene Whitney died on May 19, 1974. At that time, and for several months prior to her death, she had been living in the same household as her son Robert in Center Strafford, New Hampshire. The death certificate for Irene Whitney listed her residence as the town of Strafford. In accordance with an affidavit dated November 29, 1974, filed in and approved by the Strafford County Probate Court on December 6, 1974, voluntary administration of the estate of Irene Whitney was taken out by another son, Peter Low. During the time she was residing in Center Strafford, Irene Whitney had also maintained her Maine mailing address.

Allstate Insurance Company had issued to Irene Whitney, in the state of Maine, an automobile liability policy with effective dates October 1, 1973, to October 1, 1974, covering the 1965 Corvair involved in the collision. Defendant Concord Group Insurance Companies (hereinafter "Concord General") had issued to Robert Whitney, in the state of Maine, a family combination automobile policy with effective dates February 26, 1974, to August 26, 1974, covering a 1966 Chevrolet Corvair automobile. This automobile was not involved in the collision of August 1, 1974. On July 30, 1974, when Robert Whitney registered in his name the 1965 Corvair involved, he reported the 1966 Corvair as "junked" on the registration form filed with the Maine secretary of state. Concord General had also issued to Albion Hodgdon a family combination automobile policy containing an uninsured motorist provision in the amount of $20,000. ·

The following three questions are presented:

1. Is the Allstate Insurance Company required to defend the action against the Estate of Robert Whitney and

pay any judgment, up to the limits of its policy . . . issued to Irene Whitney?

2. Is the Concord General Insurance Company required to defend the action against the Estate of Robert Whitney and pay any judgment up to the limits of its policy . . . issued to Robert Whitney?

3. Is the Concord General Insurance Company required to pay the sum of $20,000.00 under its uninsured motorist coverage contained in its policy . . . issued to Albion Hodgdon?

For the reasons which follow we answer the first and second questions "Yes" and the third question "No."

1. *Allstate Insurance Company's Policy Issued to Irene Whitney.*

■ The automobile liability policy issued by Allstate to Irene Whitney was issued in the state of Maine, covering an automobile registered in Maine. The policy must therefore be interpreted under applicable Maine law. *Allstate Ins. Co. v. Roberts,* 109 N.H. 108, 244 A.2d 199 (1968); *Fisk v. Atlantic Nat'l Ins. Co.,* 108 N.H. 353, 236 A.2d 688 (1967).

■ Although an insurance contract is personal in nature and generally terminates upon the death of the named insured, coverage may be continued by statute or by provisions contained in the policy. 9 G. Couch, Cyclopedia of Insurance Law §§ 39:243, :244 (2d ed. 1962); 12 G. Couch *supra* § 45:362 (2d ed. 1962). Paragraph 7 of the "General Conditions" contained in Allstate's policy provides for continued coverage to certain individuals after the death of the named insured. Section (b) provides coverage to the named insured's "legal representative as named insured, but only while acting within the scope of his duties as such." Section (c) provides coverage "[w]ith respect to an owned automobile, [to] any person having proper temporary custody as insured, until the appointment and qualification of such legal representative."

Allstate argues that because (1) Robert Whitney had registered the 1965 Corvair in his own name two days prior to the collision; (2) it was not listed in November of 1974 as an asset of Irene Whitney's estate; and (3) there is no evidence that this automobile was still owned by the estate of Irene Whitney on August 1, 1974, the date of the accident; it cannot be considered an "owned vehicle" of which Robert Whitney had temporary custody at the time of the

collision so as to require coverage in accordance with paragraph 7(c).

Under Maine law, for purposes of automobile registration an owner is defined as a person who either has title to the automobile or has exclusive use thereof for a period longer than thirty days. Me. Rev. Stat. tit. 29, § 1(9) (Supp. 1976). Robert Whitney's registration of the 1965 Corvair in his name is therefore not conclusive as to his holding title to the automobile. *See Spindle v. Reid*, 277 A.2d 117 (D.C. App. 1971). Although Robert Whitney was his mother's heir, he could not formally obtain title to any of the property in her estate until such was distributed by decree of the probate court. RSA 561:1; *see* E. Tomlinson, Administration of Decedents' Estates § 14.3 (1972). Until that time, such property was also subject to charges for the administration of the estate and any debts of Irene Whitney. RSA 554:19 (Supp. 1975). The agreed facts do not establish that Robert Whitney had obtained title to or permanent ownership of the 1965 Corvair, and that his possession thereof was other than temporary custody of his mother's car. As Robert and Irene Whitney were members of the same household prior to Irene's death, and as Robert was Irene's son and one of her heirs, his custody of the 1965 Corvair would be proper in the absence of evidence to the contrary. *Government Employees Ins. Co. v. Wineteer*, 409 F.2d 1333, 1334 (10th Cir. 1968); *see Merchants &c. Co. v. Egan*, 91 N.H. 368, 20 A.2d 480 (1941).

■ The purpose of the provision in the policy extending coverage to persons having proper temporary custody of the automobile is to give coverage to relatives and any other persons whose custody and use of the automobile is legitimate, pending appointment and qualification of a legal representative. *Atlantic Ins. Co. v. Fulfs*, 417 S.W.2d 302 (Tex. Civ. App. 1967). As Peter Low was not approved as voluntary administrator of the estate of Irene Whitney until December 6, 1974, Robert Whitney's custody of the 1965 Corvair after his mother's death and at the time of the collision on August 1, 1974, as described in the agreed statement, constituted proper temporary custody under section (c) of paragraph 7 above. We hold that at the time of the collision, Robert Whitney was covered under the temporary custody provision of Allstate's policy and our answer to the first transferred question is "Yes." Allstate Insurance Company is required to defend the

action against the estate of Robert Whitney and is required to pay any judgment, up to the limits of its policy issued to Irene Whitney.

2. *Concord General's Policy Issued To Robert Whitney.*

At the time of the collision, Robert Whitney had an automobile liability policy issued to him by Concord General on a 1966 Corvair. However, two days prior to the collision Robert Whitney had junked the 1966 Corvair and had registered the 1965 Corvair in question under his name. Under the terms of his policy, coverage was not limited to the 1966 Corvair described therein, but also extended to certain other automobiles. The policy covered any other automobiles, the "ownership of which is acquired by the named insured during the policy period, provided, 1. It replaced an owned automobile . . . ." As already discussed above, Robert Whitney could not have title to the 1965 Corvair at the time of the accident and, therefore, it could not be an automobile "ownership of which" was acquired by him to replace his "owned" automobile.

■ The defendant Hodgdon, however, claims that Concord General is required to defend under a provision of the policy requiring coverage "with respect to a non-owned automobile . . . provided his actual operation . . . is with the permission, or reasonably believed to be with permission, of the owner . . . ." In *American Motorists Insurance Co. v. La Course,* 314 A.2d 813 (Me. 1974), it was held that the test under this clause is a subjective one. We have held in part 1 above that Robert's custody of the vehicle was proper under the circumstances. Our answer to the question is therefore "Yes." Concord General is required to defend the action against the estate of Robert Whitney and to pay any judgment.

3. *Concord General's Policy Issued to Albion Hodgdon.*

■ The parties agree that Albion Hodgdon's damages exceed the total of the limits of coverage available under Allstate's policy issued to Irene Whitney and under Concord General's policy issued to Robert Whitney. Concord General's policy issued to Albion Hodgdon contains a provision for uninsured motorist coverage in the amount of $20,000 as required by New Hampshire statutes. RSA 268:15-a (Supp. 1975); RSA 268:1 VII (Supp. 1975). An uninsured automobile is defined in the policy as an automobile with respect to which there is no bodily injury liability bond or insurance policy in at least the amount specified by the financial responsibility law of the State in which the insured's automobile is principally garaged. The amounts of liability coverage required

by Maine's financial responsibility law are the same as those required in New Hampshire, Me. Rev. Stat. tit. 29, § 787(1) (Supp. 1976); RSA 268:1 VII (Supp. 1975): $20,000 for injury to an individual and $40,000 for an accident resulting in injuries to more than one person. Concord General's policy issued to Robert Whitney met those requirements, and it is our understanding from the facts presented that Allstate's policy issued to Irene Whitney also met those requirements.

Defendant Hodgdon's argument that because his damages exceed coverage by both those policies he should also obtain coverage under the uninsured motorist provision of his own policy is foreclosed by our decisions in *Brack v. Middlesex Mutual Insurance Co.,* 118 N.H. 72, 382 A.2d 914 (1978), and *Vigneault v. Travelers Insurance Co.,* 118 N.H. 75, 382 A.2d 910 (1978), decided this day.

Our answer to the third transferred question is therefore "No." Concord General is not required to pay the sum of $20,000 under the uninsured motorist coverage provision contained in its policy issued to Albion Hodgdon.

*Remanded.*

LAMPRON, J., did not participate in the decision of this case.