Grafton
No. 78-184

MERCHANTS MUTUAL INSURANCE COMPANY

v.

PRIDE BEAN AND JONATHAN MILLER

CONCORD GENERAL MUTUAL INSURANCE COMPANY

v.

JONATHAN MILLER AND PRIDE BEAN

MERCHANTS MUTUAL INSURANCE COMPANY

v.

LUVIA BEAN AND JONATHAN MILLER

CONCORD GENERAL MUTUAL INSURANCE COMPANY

v.

JONATHAN MILLER AND LUVIA BEAN

PRIDE BEAN AND LUVIA BEAN

v.

CONCORD GENERAL MUTUAL INSURANCE COMPANY

August 17, 1979

*Hinkley & Donovan,* of Lancaster (*Walter D. Hinkley* orally), for Merchants Mutual Insurance Company.

*Craig, Wenners, Craig & McDowell,* of Manchester (*Vincent A. Wenners, Jr.,* orally), for Pride and Luvia Bean.

*Moulton, Smith & Samaha,* of Littleton (*Stephen U. Samaha*), for Jonathan Miller, waived brief and oral argument.

*Nighswander, Lord, Martin & KillKelley,* of Laconia (*Walter L. Mitchell* orally), for Concord General Mutual Insurance Company.

BROCK, J.   These are five petitions for declaratory judgment, RSA 491:22, brought to determine the rights and obligations of the parties under a garage liability policy issued by Merchants Mutual Insurance Company (hereinafter Merchants) to Hall-Cross Chrysler-Plymouth, Inc., and under a family automobile policy issued to Jonathan Miller by the Concord General Mutual Insurance Company (hereinafter Concord General).

Pride Bean was injured on December 7, 1970, when he was struck by a motor vehicle operated by Jonathan Miller. At the time, Mr. Bean and Mr. Miller were both employees of Hall-Cross Chrysler-Plymouth, Inc., an automobile dealership and garage in Littleton. The motor vehicle was owned by the garage, and all the parties agree that both Mr. Miller and Mr. Bean were acting within the scope of their employment when the accident occurred. Mr. Bean and his wife brought tort actions in the Grafton County Superior Court against Mr. Miller, alleging that he negligently caused the accident and injuries to Mr. Bean.

The issues raised by the declaratory judgment actions were submitted on an agreed statement of facts to the Superior Court (*Batchelder,* J.), which ruled that Merchants was obligated to defend the tort actions and pay any judgments recovered therein "up to the minimum limits of the financial responsibility law," RSA 268:1 VII(a); that Concord General did not have to provide any coverage to its insured, Jonathan Miller; and that the issue of uninsured motorist coverage under a separate policy held by Pride Bean was not properly before the court. The exceptions to these rulings filed by the Beans and Mr. Miller were transferred here.

I. *Merchants policy*

The Beans and Mr. Miller claim that Merchants is obligated under

its garage liability policy to defend Mr. Miller and to pay any judgments entered against him up to the full limits of the policy, which were $100,000 per person and $300,000 per accident.

Merchants claims, however, that its obligation is limited by two provisions of the policy in question. First, the policy states that the term "insured" does not include "any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment." Second, the policy also contains the standard workmen's compensation exclusion, which provides that the policy does not apply "to any obligation for which the insured or any carrier as his insurer may be held liable under workmen's compensation, unemployment compensation, or disability benefits law, or under any similar law; [or] to bodily injury to any employee of the insured arising out of and in the course of his employment by the insurer." The trial court ruled that, despite the exclusionary language, "Merchants has a duty to defend Miller and must pay any judgment up to the minimum limits of the financial responsibility law." *See Allstate Ins. Co. v. Roberts*, 109 N.H. 108, 111, 244 A.2d 199, 201–02 (1968); *Merchants Mut. Cas. Co. v. Tuttle*, 98 N.H. 349, 354–55, 101 A.2d 262, 265 (1953). Merchants did not except to that ruling, but the Beans and Mr. Miller did.

■ Exclusionary language in the policy cannot operate to defeat or avoid coverage up to the minimum limits of liability provided by the Financial Responsibility Act. RSA 268:16 III. Whether Merchants is obligated under the garage liability policy to pay any judgment in excess of the statutory minimum established by the financial responsibility law depends upon the application of the principles set forth in *Liberty Mutual Insurance Co. v. Home Insurance Co.*, 116 N.H. 12, 351 A.2d 891 (1976). In *Liberty Mutual* we held that a policy exclusion identical to the one in the present case, excluding coverage for "bodily injury to any employee of the insured arising out of and in the course of his employment," did not apply to the facts presented there. In reaching that result, this court deemed that under the policy the co-employee who was operating the vehicle at the time of the accident was an "insured" separate from the "named insured." While the injured party was an employee of the named insured, he was not an employee of the insured who was seeking coverage, and therefore the exclusion did not apply. 116 N.H. at 16–17, 351 A.2d at 894.

That construction is not possible in the present case. Unlike the policy in *Liberty Mutual*, the Merchants policy expressly states that the term "insured" does not include a person in Jonathan Miller's

position, a person "engaged in the business of his employer" who seeks coverage for "bodily injury to any fellow employee of such person injured in the course of his employment." We have previously held similar limitations on the definition of "insured" to be valid restrictions on coverage beyond the statutory minimum. *Allstate Ins. Co. v. Roberts*, 109 N.H. 108, 244 A.2d 199 (1968); *Merchants Mut. Cas. Co. v. Tuttle*, 98 N.H. 349, 101 A.2d 262 (1953).

We therefore hold that the trial court correctly ruled that Merchants is obligated to defend Jonathan Miller and to pay any judgment only up to the minimum limits of the financial responsibility law. The fact that those minimum limits may be inadequate to compensate the injured parties for their damages is a question for the legislature.

## II. *Concord General policy*

The Beans and Jonathan Miller also claim that Concord General is obligated to provide coverage under a family automobile policy issued to Jonathan Miller. Concord General contends that it is not required to defend or provide coverage for this accident because of an exclusionary clause stating that the policy "does not apply to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in the automobile business of the insured or of any other person or organization." The trial court found that "Miller was operating an auto which he did not own while he was employed in the automobile business of another person or organization." It went on to rule "that a reasonable person in the position of the insured would understand that exclusion to apply to this situation," and held that Concord General was therefore not required to defend or provide coverage. *See Liberty Mutual Ins. Co. v. Home Ins. Indem. Co.*, 116 N.H. 12, 351 A.2d 891 (1976); *Case v. Fidelity & Cas. Co.*, 105 N.H. 422, 201 A.2d 897 (1964). The trial court's decision constitutes a fair reading of the facts presented and the law in this State.

The Beans urge us to interpret the phrase "any person" to mean "any person except the named insured," which would result in coverage for Jonathan Miller in this case. If the company intended to exclude only use by "any person except the named insured," it could easily have used that phrase. We cannot distort the plain language of the policy to reach that result. *See Hanover Ins. Co. v. Grondin*, 119 N.H. 394, 402 A.2d 174 (May 23, 1979); *Auclair v. Allstate Co.*, 118 N.H. 626, 392 A.2d 1197 (1978).

■ Nor is Concord General required to provide the requested coverage by the terms of the Financial Responsibility Act. Because Miller was operating a "non-owned" automobile, coverage would be required, if at all, by RSA 268:1 VII(b). The trial court correctly ruled that coverage under that subparagraph is required "only if no other valid and collectible insurance is available to the insured." RSA 268:1 VII(b). We held above that Mr. Miller is covered by the Merchants Mutual policy of his employer. This case is therefore distinguishable from *Liberty Mutual supra,* which involved operation of a vehicle owned by the insured and therefore fell within RSA 268:1 VII(a), which has no such limiting clause. The limiting clause at issue here is applicable even though the "other valid and collectible insurance" is available solely because of the Financial Responsibility Act. *Merchants Mutual Cas. Co. v. Tuttle,* 98 N.H. 349, 355, 101 A.2d 262, 266 (1953).

■ The Concord General policy does contain language stating that "the insurance with respect to a . . . non-owned automobile shall be, excess insurance over any other valid and collectible insurance." Although this provision is valid, *Allstate Ins. Co. v. Roberts,* 109 N.H. 108, 244 A.2d 199 (1968), we hold that it does not apply when the excess coverage would be derived only from the statute rather than from the policy itself.

We therefore affirm the trial court's ruling that Concord General has no obligation to defend or provide coverage for Jonathan Miller for the action arising out of this incident.

### III. *Uninsured Motorist Coverage*

■ The Beans asked the trial court to rule that they are entitled to compensation for this accident under an uninsured motorist clause in their own automobile insurance policy, which, coincidentally, was issued by Merchants. Merchants agrees that the Beans' policy is in effect, but does not admit that coverage is available to the Beans in this case. The issue was not raised in the pleadings, either in the Beans' answers to Merchants' petition or in their own petition, which did not even name Merchants as a defendant. The court trial ruled with good reason that the issue of uninsured motorist coverage "was never properly brought before the court nor addressed by Merchants," and declined to make any findings or rulings as to coverage.

■ On May 11, 1978, after the trial court's decree, the Beans moved to amend their petition to include the uninsured motorist issue. The motion was denied by the trial court on July 10, 1978. The trial court

could properly have found that once a decree had been entered, an amendment of substance, adding a new issue, was not "necessary for the prevention of injustice." RSA 514:9; *see V.S.H. Realty v. City of Rochester*, 118 N.H. 778, 394 A.2d 317 (1978).

*Exceptions overruled.*

All concurred.