327 S.E.2d 691

**Bonnie LAVENDER, et al., Petitioners Below, Kyle Keaton, Appellant,**

v.

**The McDOWELL COUNTY BOARD OF EDUCATION, etc., et al.**

**No. 16012.**

Supreme Court of Appeals of West Virginia.

Dec. 6, 1984.

Rehearing Denied Jan. 10, 1985.

Jacqueline A. Kinnaman, W.V.E.A., Charleston, for appellant.

Kendrick King, Asst. Pros. Atty., Welch, for appellees.

PER CURIAM:

This is an appeal by Kyle Keaton from an order of the Circuit Court of McDowell County denying his petition for a writ of mandamus to compel the McDowell County Board of Education to reinstate him as a counselor at Iaeger Intermediate School.[1] On appeal, the appellant contends that the Board of Education failed to follow the proper procedures for transferring him and that the circuit court erred in refusing to issue the writ of mandamus which he sought. We agree, and we reverse the decision of the Circuit Court of McDowell County.

---

1. In the proceedings before the Circuit Court of McDowell County, Bonnie Lavender and others, in addition to Kyle Keaton, were parties, and their names were included in the style of the case. Only Kyle Keaton has chosen to appeal the circuit court's ruling.

During the 1982–83 school year, the appellant, who had been an employee of the McDowell County Board of Education for approximately thirty years, was assigned as a counselor at the Iaeger Intermediate School. On March 14, 1983, the Superintendent of Schools in McDowell County wrote the appellant and notified him that the Board of Education, meeting in special session on March 11, 1983, had tentatively approved a recommendation that he be transferred from the counselor position to a teacher position at the Iaeger Intermediate School. The reason given for the transfer was that the counselor position was being abolished at the school. The letter also stated: "You have a right to a hearing concerning this recommendation for job status change at the March 28, 1983 Board meeting and to be represented by a person of your choice."

The appellant testified that he first heard of the job change in a radio announcement on the morning of March 14, 1983. He received the Superintendent's letter on March 18 or 19, 1983.

On March 22 or 23, 1983, the appellant asked if he could discuss the transfer with the Superintendent at his office. According to the appellant, the Superintendent indicated that he would "get back" with the appellant on the matter, but he actually never did so. The appellant testified that he wanted to discuss the matter informally with the Superintendent before March 28, 1983, and then discuss it with the Board of Education.

Although the Superintendent's letter of March 14, 1983, had indicated that the appellant had a right to a hearing before the

Board of Education, the appellant did not formally seek a hearing. The Board of Education met again on April 12, 1983. At that meeting, the Board officially and finally approved the job status change for the appellant.

On April 25, 1983, the appellant wrote the Superintendent and formally requested a hearing on the abolition of the counselor position at Iaeger Intermediate School.

On the next day, April 26, 1983, the appellant petitioned the Circuit Court of McDowell County for a writ of mandamus to compel the Board of Education and the Superintendent to return him to the counselor position which he had occupied during the 1982–83 school year. In support of his petition, he argued that the Board, in approving the transfer, failed to comply with the procedural requirements of W.Va.Code, 18A–2–7, and that he was, therefore, entitled to the relief which he sought. After conducting a hearing, the circuit court, by its order entered August 9, 1983, denied the petition on the ground that W.Va.Code, 18A–2–7, requires a school superintendent to obtain the tentative approval of a Board of Education before he notifies a teacher that a transfer is proposed.

■ We spoke of the procedural requirements of W.Va.Code, 18A–2–7, for altering the positions of tenured teachers,[2] in *Morgan v. Pizzino*, 163 W.Va. 454, 256 S.E.2d 592 (1979), and stated in Syllabus Point 2:

"*W. Va. Code*, 18A–2–7 provides for notice and hearing before an employee's placement on a transfer or reassignment list is approved by a board of education. It must be complied with strictly."[3]

---

2. W.Va.Code, 18A–2–8a, provides separate procedures for probationary employees.

3. W.Va.Code, 18A–2–7, provides in relevant part:
"[A]n employee shall be notified in writing by the superintendent on or before the first Monday in April if he is being considered for transfer or to be transferred. Any teacher or employee who desires to protest such proposed transfer may request in writing a statement of the reasons for the proposed transfer. Such statement of reasons shall be delivered to the teacher or employee within ten days of the receipt of the request. Within ten days of

the receipt of the statement of the reasons, the teacher or employee may make written demand upon the superintendent for a hearing on the proposed transfer before the county board of education. The hearing on the proposed transfer shall be held on or before the first Monday in May. At the hearing, the reasons for the proposed transfer must be shown.
"The superintendent at a meeting of the board on or before the first Monday in May, shall furnish in writing to the board a list of teachers and other employees to be considered for transfer and subsequent assignment for the next ensuing school year. All

■ We find this statute to be clear and unambiguous, and consequently, as we have held in Syllabus Point 2 of *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951):

"A statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect."

*See also Jordan v. State Workmen's Compensation Commissioner*, 165 W.Va. 199, 271 S.E.2d 604, 606 (1980); Syllabus Point 2, *Crockett v. Andrews*, 153 W.Va. 714, 172 S.E.2d 384 (1970).

The statute establishes an orderly procedure which must be strictly followed before a nonprobationary school employee may properly be transferred. The first step of this procedure requires that the employee be notified of a contemplated transfer in writing by the superintendent before the first Monday in April. Any employee who is dissatisfied with the contemplated transfer and wishes to object to it may request a written statement of the reasons for the proposed transfer. After receiving such a request, the superintendent is required to give the employee a written statement of reasons within ten days.[4]

If the employee, after receiving the statement of reasons, remains dissatisfied with the contemplated transfer, he may within ten days of receipt of the statement present a written demand for a hearing before the county board of education on the proposed transfer. If a request is made for such a hearing, the board of education is required to conduct the hearing on or before the first Monday in May.

■ Also, on or before the first Monday in May, the superintendent is required to furnish to the board of education a list of employees to be considered for transfer.

We believe that the statute contemplates that the board of education must complete any protest hearings conducted pursuant to the statutory procedure before it acts on any recommendation for transfer.[5]

■ It appears from the statute that the legislature intended for the county board of education to conduct a detached and independent hearing on the reasons for a proposed transfer. We also believe that due process requires that such a hearing be conducted only after due notice to the employee and in such a manner as to guarantee that the employee has an opportunity to present his position to the board. As we stated in *Morgan v. Pizzino*, 163 W.Va. at 458, 256 S.E.2d at 595, "[i]f a decision has already been made, and the employees have been prejudged the process is meaningless."

In the case presently before us, the Superintendent of Schools in McDowell County failed to follow the procedure outlined in W.Va.Code, 18A–2–7. He took his case to the Board of Education on March 11, 1983, before notifying the appellant of the contemplated transfer and before affording the appellant his right to demand a hearing on the proposed transfer.

■ The tentative approval process followed by the Superintendent not only failed to comply with the requirements of W.Va. Code, 18A–2–7, but it invited prejudgment of the appellant's case before the appellant was entitled to present his side of the case, a point which we condemned in *Morgan*. The statute requires that a superintendent not submit an employee's name for proposed transfer or other action to the board of education, or discuss such actions with the board, until after the superintendent has notified the employee directly and has afforded him an opportunity to request a

---

other teachers and employees not so listed shall be considered as reassigned to the positions or jobs held at the time of this meeting."

4. We do not foreclose the superintendent from setting out the reasons for the proposed transfer at the time he first notifies the teacher of the contemplated transfer, in which event the teacher would have ten days from receipt of the letter to make his written demand for a hearing.

5. W.Va.Code, 18A–2–7, provides that in certain emergency situations where a school building is damaged or destroyed through an unforeseeable act, the superintendent may transfer personnel without following these procedures. This is not the situation in the case now before us.

hearing before the board. Such a procedure is consistent with the concept that the board is to make a detached and independent evaluation of the employee's case.[6]

■ Because the appellant was not notified and given the rights outlined in W.Va. Code, 18A–2–7, before his proposed transfer was taken before the McDowell County Board of Education, we conclude that the Circuit Court of McDowell County erred in refusing to grant the appellant the writ which he sought. Accordingly, the final order of the Circuit Court of McDowell County is reversed, and the case is remanded with directions that the circuit court grant the appellant the relief which he sought in his petition for a writ of mandamus.

Reversed and Remanded.

---

**6.** The fact that the McDowell County Board of Education on March 11, 1983, tentatively approved the appellant's transfer suggests that the Board on that date heard an *ex parte* exposition of the Superintendent's reasons for requesting a transfer.