**Linda STONE, et al., Plaintiffs,**

v.

**MOTORISTS MUTUAL INSURANCE COMPANY, Defendant.**

**Civ. A. No. 5:85–0610.**

United States District Court,
S.D. West Virginia,
at Beckley.

April 15, 1986.

P. Rodney Jackson, DI Trapano & Jackson, Charleston, W.Va., for plaintiffs.

Robert N. File, Beckley, W.Va., for defendant.

## MEMORANDUM ORDER

### I. Introduction

HALLANAN, District Judge.

This action is based on claims arising out of an automobile insurance policy which

Plaintiff Stone had with Defendant Motorists Mutual Insurance Co. ("Motorists Mutual"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and venue is proper in this district pursuant to 28 U.S.C. § 1391. Several motions are pending before the Court, including: (1) Defendant Motorists Mutual's motion for summary judgment; (2) Plaintiffs' motion for leave to file a motion for summary judgment, and motion for summary judgment; and (3) Defendant's letter motion for oral argument on its motion for summary judgment. The Court does not deem oral argument necessary or appropriate, Rule 2.03, Rules of Practice & Procedure of the United States District Court (S.D. W.Va.), and accordingly, Defendant's request for oral argument is ORDERED DENIED. Moreover, liability in this case turns entirely on a question of law and the Court discerns no reason why Plaintiffs' belated motion for summary judgment should not be analyzed, along with Defendant's pending motion, Rule 6(b)(1), Fed.R.Civ.P., and accordingly, Plaintiffs' motion for leave to file a motion for summary judgment is ORDERED GRANTED. With these preliminaries out of the way, the Court now will survey the necessary factual background before addressing the cross motions for summary judgment.

## II. Factual Background

On December 20, 1983, Plaintiff Steven Mark Whitmore was operating a vehicle owned by his mother, Plaintiff Linda Stone, and insured by Defendant Motorists Mutual, when it was struck by an automobile operated by Robert E. Beckett, III. Mr. Beckett carried liability insurance in the minimum amounts required by W.Va. Code § 17D–4–12 (1974 & 1985 Cum Supp.), that is $20,000 bodily injury coverage per person, $40,000 bodily injury coverage per accident, and $10,000 property damage coverage ("20/40/10 coverage"). Prior to the commencement of this action, Mr. Beckett's insurer settled with Plaintiff Whitmore for the maximum liability coverage payable under Beckett's policy, that is $20,000. Plaintiff Whitmore's damages allegedly exceed that amount and the instant action was instituted to recover (1) compensatory damages based on the underinsured motorists provision of Mrs. Stone's insurance policy with Motorists Mutual, which also has 20/40/10 coverage, and (2) compensatory and punitive damages based on Motorists Mutual's alleged bad faith refusal to settle Plaintiffs' claim. With this factual background in mind, the Court will now address the cross motions for summary judgment.

## III. Cross Motions for Summary Judgment

West Virginia requires automobile insurers to offer optional uninsured and underinsured motorists' coverage. W.Va. Code § 33–6–31(b) (1982 & 1985 Cum.Supp.). Under this statute, an "underinsured motor vehicle" is defined as:

> ... a motor vehicle with respect to the ownership, operation, or use of which there is liability insurance applicable at the time of the accident, but the limits of that insurance are either (i) less than limits the insured carried for underinsured motorists' coverage, or (ii) has been reduced by payments to others injured in the accident to limits less than limits the insured carried for underinsured motorist's coverage ...

*Id.* Construing § 33–6–31(b) with § 17D–4–12, uninsured and underinsured motorists' coverage, if accepted by the insured, must be in amounts equal to or exceeding $20,000 per person, $40,000 per accident, and $10,000 for property damage. With these guidelines in mind, the question raised by the cross motions is whether Plaintiffs, who have settled their claim for the maximum amount of coverage under Mr. Beckett's 20/40/10 liability policy, may maintain this action against Motorists Mutual based on Plaintiff Stone's 20/40/10 underinsured motorists' coverage.

Defendant Motorists Mutual's primary contention is that § 33–6–31(b)(i) clearly provides that underinsured motorists' coverage is available for claims only where the tortfeasor's liability coverage limits are less than a plaintiff's underinsured coverage limits. Plaintiffs respond that this con-

struction of the statute emasculates § 33–6–31(b) insofar as scenario (i) is concerned, at least where a plaintiff has underinsured coverage with 20/40/10 limits, because motorists are required to carry 20/40/10 liability coverage and thus a tortfeasor realistically never will have liability coverage in an amount less than an insured's own underinsured coverage. Plaintiffs urge that by offering 20/40/10 underinsured motorists' coverage to an unwitting public, Motorists Mutual is selling worthless insurance to the public, which constitutes "constructive fraud." Defendant's second argument in support of its summary judgment motion is that Plaintiffs have waived any claims against Motorists Mutual by settling their claim against Mr. Beckett without Motorists Mutual's consent. Plaintiffs respond that the insurance policy exclusion in question is contrary to the public policy of fostering settlements, and in any event, Motorists Mutual was not prejudiced since the settlement was for the liability limits of Mr. Beckett's policy.

■ The Court now will address the parties' contentions based on the application or construction of § 33–6–31(b). In assessing the effect of § 33–6–31(b), the Court must apply, rather than construe or interpret, the statute if it is clear, unambiguous, and plainly expresses the legislative intent. *State v. Highland*, 327 S.E.2d 703 (W.Va. 1985); *Lavender v. McDowell County Board of Education*, 327 S.E.2d 691 (W.Va.1984); *State Ex Rel. Simpkins v. Harvey*, 305 S.E.2d 268 (W.Va.1983). Only if the statute is ambiguous will it be interpreted, as opposed to simply applied. *Ohio County Commission v. Manchin*, 301 S.E.2d 183 (W.Va.1983). In the event that interpretation of a particular statute is necessary, then the following guidelines are applicable: (1) the primary object in construing a statute is to ascertain and give effect to the intent of the Legislature; and (2) in ascertaining legislative intent, effect must be given to each part of the statute and the statute as a whole so as to accomplish the general purpose of the legislation. *State Ex Rel. Fetters v. Hott*, 318 S.E.2d 446 (W.Va.1984); *Ohio County Commis-*

*sion v. Manchin*, 301 S.E.2d 183 (W.Va. 1983).

■ In the Court's view, the definition of "underinsured motor vehicle" contained in § 33–6–31(b) is clear, unambiguous, and expresses a discernible legislative intent. *Highland, supra; Lavender, supra; Harvey, supra.* That intent is to afford underinsured motorists' coverage where either of two scenarios exist: the coverage limits of the tortfeasor's liability insurance applicable to the accident (1) were *less than* the coverage limits of the insured's underinsured motorists' insurance, or (2) have been reduced by payments to others injured in the accident to amounts less than the coverage limits of the insured's underinsured motorists' coverage. W.Va. Code § 33–6–31(b)(i) and (ii) (1982 & 1985 Cum.Supp.). Applying scenario (i) to the case at bar, it is clear that Plaintiffs may not recover from Motorists Mutual on the basis of their underinsured motorists' coverage because the tortfeasor's (Mr. Beckett's) liability insurance coverage limits are not less than, but instead are equal to, their underinsured motorist's coverage. *Id.*

Undeniably, application of scenario (i) of § 33–6–31(b) to the case at bar works a harsh, unfortunate result. As Plaintiffs point out, their 20/40/10 underinsured motorist's coverage with Defendant is worthless under the circumstances of the case at bar, because the original tortfeasor's 20/40/10 liability coverage is *equal to* their underinsured motorist's coverage. If § 33–6–31(b) were ambiguous and required interpretation by the Court, the Court would have a duty to avoid whenever possible a construction of the statute which leads to an unjust or unreasonable result. *State Ex Rel. Simpkins v. Harvey*, 305 S.E.2d 268 (W.Va.1983). However, the statute is unambiguous and must be applied as drafted by the Legislature. *Highland, supra; Lavender, supra; Harvey, supra.* The duty to amend § 33–6–31(b) to close the loophole exposed by the instant case lies with the West Virginia Legislature and not the Court.

Other courts faced with similar claims which necessarily would have required

them to redraft their states' uninsured and underinsured motorist's statutes similarly have declined to do so. *See generally,* Annot., 24 A.L.R. 4th (1981). In *Brack v. Middlesex Mutual Insurance Co.,* 118 N.H. 72, 382 A.2d 914 (1978); the court refused to redraft a New Hampshire statute to permit the plaintiff to recover under the decedent's uninsured motorist coverage, where the torteasor's liability insurance coverage was equal to the limits of decedent's uninsured motorist's coverage but inadequate to compensate fully for the decedent's injuries. The Court pointed out that the statute in question authorized recovery of the difference between an insured's damages or uninsured motorist coverage, whichever is less, and the tortfeasor's liability coverage when he or she is "uninsured," i.e. has less than $20,000 liability coverage. The court then refused to redefine the term "uninsured motorist" as a motorist whose coverage, no matter how large, is inadequate to compensate a plaintiff for his or her injuries. *Id.*

Similarly, in *Mid-Continent Casualty Co. v. The Hon. Harold C. Theus,* 592 P.2d 519 (Okla.1979), the Supreme Court of Oklahoma declined the opportunity to redraft that state's uninsured motorist statute where an insured sought to recover on the basis of uninsured motorist coverage which was equal to the tortfeasor's liability coverage. The court observed that under the relevant statute, a tortfeasor is an "uninsured motorist" only where the injured party's uninsured motorist coverage is greater than the tortfeasor's liability coverage. Thus, the plaintiff insured was held to have no claim against her insurer on the basis of uninsured motorist coverage with limits equal to the tortfeasor's liability coverage. *Id.*

As a matter of public policy, the Court favors the rule embraced by the state of Louisiana and discussed in *Whitten v. Empire Fire & Marine Insurance Co.,* 353 So.2d 1071 (La.App.1977). Under Louisiana's amended uninsured motorist statute, an injured party's uninsured motorist coverage functions as "excess over" insurance where the tortfeasor's liability insurance is inadequate to cover the plaintiff's dam-

ages. *Id.* However, the task of determining the public policy of West Virginia with respect to uninsured and underinsured motorist's coverage lies with the Legislature and not the state courts or federal courts when they apply state law.

Based on the foregoing, it is clear that Plaintiffs' claim on Mrs. Stone's insurance policy cannot be maintained. W.Va. Code § 33-6-31(b) (1982 & 1985 Cum.Supp.). In addition, Plaintiffs' bad faith claim also must be rejected because the Court has determined that there was no liability on the part of Motorists Mutual. W.Va. Code § 33-11-4(9)(f) (1982 & 1985 Cum.Supp.). Accordingly, it hereby is ORDERED that Defendant's motion for summary judgment is GRANTED and Plaintiffs' motion for summary judgment is DENIED.

The Clerk is directed to remove this case from the active docket of this Court and send a certified copy of this Order to all counsel of record.